## N. G. NYE *v.* CLEVELAND, LEWIS & CO.

LIMITATIONS : STATUTE OF : EFFECT OF VOIDABLE EXECUTION.—The quashing of an execution, which was merely voidable and irregular, but not absolutely void, will not prevent its having the effect of saving the bar of the Statute of Limitations, if it were issued within the time prescribed by the statute.

APPEAL from the Circuit Court of Yazoo county.   Hon. E. G. Henry, judge.

*Lawson,* for appellant,

Contended that the quashing of an execution for any irregularity whatever, annulled it *ab initio,* and avoided all intermediate acts done in pursuance of it, and that its whole effect and force being thus destroyed, it could not take a judgment out of the Statute of Limitations ; and he cited 2 Tucker, Com. 339.

*Gibbs* and *Bowman,* for appellees,

Contended, that the execution was not absolutely void, but merely voidable; that being only voidable, it was still an "execution;" and that the statute refers the commencement of the running of the period of limitation from the last "execution."

SMITH, C. J., delivered the opinion of the court.

This was a motion made in the Circuit Court of Yazoo county to quash an execution.

The execution in question was issued on the 14th day of October, 1852, upon a judgment recovered on the 20th of May, 1845, in said court, by Cleveland, Lewis & Co., against N. G. Nye, the appellant.

The grounds upon which the motion was based were : First. There was an illegal taxation of costs.   Second.   A greater rate of interest was demanded by the execution than was authorized by the judgment ; and, Third.   "No valid *alias fi. fa.* had issued on said judgment within seven years, from the 26th of June, 1845, the date of the issuance of the first execution."   The motion was

overruled; whereupon the defendant filed his bill of exceptions, and prayed an appeal to this court.

The last ground taken in support of the motion is the only one relied upon in the argument at bar.

It is shown by the record, that an execution was issued upon the judgment, on the 26th of June, 1845, which, of course, was within one year from the rendition of the judgment. The record shows, also, that an *alias fi. fa.* was issued on the 18th of March, 1852, returnable to the following May term of the said Circuit Court; which, upon motion of the defendant in the execution, entered at said term, was quashed, for a defect in the execution, which rendered it voidable, but not absolutely void.

The last execution which issued upon the judgment, and which was the subject of the motion to quash, was issued on the 14th of October, 1852.

That execution was therefore not issued within seven years from the date of the first execution. No other exception had issued, except that of the 18th of March, 1852. The motion therefore should have been sustained, unless the statute bar was prevented by the issuance of this latter execution.

For the appellant, it is insisted, that the execution of the 18th of March, 1852, having been annulled by a judgment of the court, which remains unreversed and in full force, must be treated as a nullity; and hence, ineffectual to prevent the operation of the statute.

If the execution in question were absolutely void, and not merely erroneous and voidable, the correctness of this position would be incontrovertible. Process absolutely void—void *ab initio*—could in nowise affect the rights of either party to the controversy. But it is not pretended that the execution was absolutely void, but only voidable. And it is settled, that an execution which is simply voidable, and not void, is to be held valid until it is avoided. *Harrington* v. *O'Reily et al.*, 9 S. & M. Rep. 216. A levy and sale under the execution, to a stranger, would, unquestionably, have passed the title. It cannot be said, therefore, that the execution of the 18th of March, 1852, when it went into the hands of the sheriff, was a nullity. It was effective for all purposes until

it was quashed. The necessary and inevitable effect of the issu-ance of that execution was to arrest the operation of the statute, and consequently prevented the bar from attaching.

Judgment affirmed.