A. C. SEAVY v. J. W. BENNETT.

| 64 735 |
| 71 911 |

JUDGMENT. *Statute of limitation. Whether affected by execution for clerk's costs. Section 2674, Code of 1880, construed.*

An execution on a judgment against a defendant, issued by the clerk of the court of his own motion, and not at the instance, or for the benefit, of the plaintiff in the judgment, but as the basis for an execution for costs against the plaintiff, is not an execution the date of which fixes the time from which to compute the seven years allowed for the issuance of another execution, under § 2674, Code of 1880 (§ 2153, Code 1871), which provides that no execution shall issue on a judgment or decree "after seven years from the date of the issuance of the last preceding execution on such judgment or decree." *Harris* v. *West*, 25 Miss. 126, cited.

APPEAL from the Chancery Court of Lincoln County.

HON. LAUCH McLAURIN, Chancellor.

Prior to the institution of this suit J. W. Bennett became the assignee of a certain judgment against one Sutton. This judgment was rendered against Sutton on July 27, 1876, and was duly enrolled. On August 14, 1876, an execution was issued thereon. On June 10, 1879, another execution was issued on this judgment, and on the same day returned "*nulla bona.*" Thereupon, on the same day, June 10, 1879, the clerk issued an execution for costs against the plaintiffs in the judgment. The effect of the evidence in relation to these executions and bearing upon the point here in controversy is stated in the opinion of the court.

On April 18, 1886, J. W. Bennett exhibited his bill against Mrs. A. C. Seavy and others to subject certain property alleged to have been fraudulently conveyed to them by Sutton to the payment of the judgment against Sutton held by Bennett.

The defendants answered, setting up among other things that the judgment debt was barred by the seven year statute of limita-

tions. The Chancellor rendered a decree in favor of complainant, and the defendant, Mrs. A. C. Seavy, appealed from his decree.

*A. C. McNair*, for the appellant.

Judgment was recovered against Sutton on the 27th day of July, 1876. Execution was issued by the clerk on August 14, 1876, as required by the statute. Execution was again issued on the judgment on June 10, 1879. It is manifest from the testimony and the faces of the executions (those issued June 10, 1879) that the one of last date was issued by the clerk, that it might at once be returned by the sheriff to enable him to issue against the plaintiffs. As the execution for costs is evidently based on the one returned *nulla bona*—and both are of date June 10, 1879—the execution issued against Sutton was not intended to be enforced, and its issuance was but a means to enable the officers to issue against the plaintiffs for costs. In order to save the bar of the statute of limitations the execution must have been issued for the purpose of being enforced. *Harris* v. *West*, 25 Miss. 156.

Then there is no return-day in the execution issued against Sutton, and for this reason—it is barred, and the judgment dead. *Lehr* v. *Rogers*, 3 S. & M. 468.

The statute required the clerk to issue an execution on the judgment within twenty days after the adjournment of court. After this he had no legal right or authority to issue other executions *ex mero motu*. The owner of the judgment was the only party who had such right. Freeman's Chancery 392; Herman on Executions 64.

For above reasons we contend that the judgment was barred, and the suit is not maintainable.

*R. H. Thompson*, for the appellee.

That the judgment lien was barred by § 2159, Code 1871 (Ib. Code 1880) may be admitted, and yet this suit is not, therefore, barred. The judgment was a debt capable of enforcement by execution, because an execution had issued within a year and a day of its rendition, and another had been issued on it within seven years thereafter and less than seven years before suit brought. Section 2153, Code 1871.

Let us now see if this defense of the statute of limitations was aided by the affirmative matter set up in the answers. These deny that the executions were issued in good faith or by any authorized person. It is sought to bring the facts within the principle of the case of *Harris* v. *West,* 25 Miss. 156. The cases are, however, so different till there is no comparison and no room for argument. The testimony of Mr. Warren, the clerk, by no manner of means makes out the affirmative allegations of the answers. It rather contradicts them. He says, for instance, that he never issued an execution in his life with intent that the sheriff should not make the money, and he issued the ones in dispute. The fact that the officer returned the writ " *nulla bona* " the same day it was issued is no evidence against the good faith in its issuance. It must be remembered that the debtor, Sutton, had divested himself of all property; this presumably was known to the sheriff. That officer doubtlessly did his duty; we are to indulge the presumption that he did until the contrary is shown. But even if he was negligent his acts cannot be attributed to plaintiff so as to affect the right in question. The writ was not void *ab initio* because the officer did not execute it. *Nye* v. *Cleveland,* 31 Miss. 440.

CAMPBELL, J., delivered the opinion of the court.

It is manifest that the execution issued June 10, 1879, was not at the instance or for the benefit of the plaintiffs in the judgment, but was the act of the clerk, and intended by him as the basis for an execution for costs against the plaintiffs, and it was not an execution in the meaning of § 2674 of the Code of 1880 (§ 2153 of Code of 1871), the date of which fixed the time from which to compute the seven years allowed for the issuance of another execution. *Harris* v. *West,* 25 Miss. 156.

The last preceding execution on such judgment was issued August 14, 1876, and, as more than seven years elapsed after that and before the commencement of this suit, it was barred.

*Decree reversed and bill dismissed at the costs of the appellee in this court and the chancery court.*