05   481
d71  911

W. L. JACKSON v. ROBERT SCANLAND, ADMINISTRATOR.

1. FOREIGN ADMINISTRATOR. *Right to enforce judgment here. Section 2091, Code 1880. Statute of limitations.*

A foreign administrator, who has not complied with the provision of Section 2091, and, as therein provided, "may sue as such in the courts of this State, or may receive without suit, and give a valid acquittance for, any property of, or debts due to, his intestate," is not entitled to enforce a judgment in this State in favor of his intestate; and an execution issued upon such judgment, at his instance, is void, and does not affect the running of the statute of limitations against the judgment.

2. SAME. *Judgment. Who entitled to execution.*

The statutory provision for keeping alive a judgment by the issuance of successive executions, is in lieu of repeated actions on the judgment, and execution must be in behalf of him who could maintain an action.

3. SAME. *Unauthorized execution. Subsequent compliance with Section 2091, Code of 1880.*

Subsequent qualification of a foreign administrator, at whose instance an execution was issued before his compliance with Section 2091, Code of 1880, does not relate back so as to validate the unauthorized execution.

4. SAME. *Execution of judgment. Effect of Section 1747, Code of 1880.*

Section 1747, Code of 1880, which provides that, "when the administrator of any plaintiff, who dies before satisfaction of his judgment, shall file with the clerk an affidavit of such death and of his appointment, with a

copy of his letters of administration, duly certified, execution may be issued on such judgment as if such death had not occurred," does not apply in favor of a foreign administrator who has not complied with the requirements of Section 2091 of the Code of 1880.

APPEAL from the Circuit Court of Adams County.

T. OTIS BAKER, ESQ., Special Judge, by agreement of the parties, Hon. Ralph North, Judge, having been of counsel in the case.

On April 12, 1867, Mary M. Morrison recovered a judgment for $16,507.33 in the Circuit Court of Adams County, against W. L. Jackson. This judgment was duly revived in April, 1874; and on the 14th of May, 1874, and the 22d of December, 1880, respectively, execution was issued thereon. Mary M. Morrison resided in Arkansas and died there in December, 1882, leaving a will, but without naming an executor. On December 7, 1887, Robert Scanland applied for and obtained in the proper County in the State of Arkansas letters of administration, with the will annexed, on the estate of Mary M. Morrison, deceased.

On Dec. 12, 1887, Robert Scanland filed in the office of the Circuit Clerk of Adams County his affidavit, setting forth the death of Mary M. Morrison, and his appointment as administrator, cum testamento annexo, of her estate in the State of Arkansas, and also a certified copy of the will of the deceased as probated in Arkansas, and a certified copy of the letters of administration granted by the court there to Scanland; and the same day an execution was issued on the judgment of the decedent, Mary M. Morrison, against W. L. Jackson, in the name of the deceased plaintiff, but " for the use and at the instance of her administrator with the will annexed, Robert Scanland," as endorsed on the writ by the clerk of the court.

On Dec. 22, 1887, Scanland presented certain papers to the Chancery Clerk of Adams County, at his residence, which purported to comply with the provisions of Sec. 2091, Code of 1880. These papers were on that day at his residence, marked and filed by the clerk, but were not put in his office until the day following.

On Dec. 30, 1887, the defendant moved in the Circuit Court

to quash the execution issued on Dec. 12, 1887, and then in the hands of the sheriff. The motion was sustained and the execution quashed.

On the 1st of March, 1888, Scanland filed in the office of the Chancery clerk of Adams County a certified copy of the record of his appointment and qualification as administrator of the estate of Mary M. Morrison, deceased, in the State of Arkansas, and the certificate of the judge of the court where his administration was pending that he is accountable to such court for all that he may receive in satisfaction of the judgment against W. L. Jackson and in favor of the decedent, Mary M. Morrison, in Adams County of this State. And on the 2d of March, 1888, a copy of these papers certified by the clerk of the Chancery Court was filed in the office of the clerk of the Circuit Court. And thereupon the clerk of the Circuit Court issued another execution on the judgment referred to. The defendant on the 5th of May. 1888, moved in the Circuit Court that this execution be quashed

The motion was overruled, and the defendant appealed.

*W. P. & J. B. Harris*, for the appellant.

Supposing that the certificate filed pretendingly on the 22d, but actually on the 23d of December, 1887, be good, still the filing of a correct voucher on the 22d could not relate back so as to render valid the unauthorized act of Robert Scanland on the 12th of December? There is not the slightest warrant for such a conclusion. If he could not have sued out *sci. fa.*, he could not have had summary revival under § 1747. Could he sue out execution lawfully without either?

It will be at once perceived by the court, that the statute, § 2091, will be without efficacy unless the unauthorized act or suit or proceeding be treated as utterly void. The judgment or debt, whatever its form or character, is the property of an estate not to be disposed of by the debtor, nor by him and any stranger (and the foreign administrator is such unless he has acquired power by complying strictly with the Code). This requirement is not a technical form, but matter of substance, the pith and marrow of a most important legislative provision in the interest, not of debtors, but of the property of non-residents— the fruit of comity.

There is but one authority necessary to be cited on this question, and that is *Hope* v. *Hurt*, 59 Miss., 174.

There is not the slightest warrant for applying the fiction of *relation back*, to cover antecedent acts of a foreign administrator. There is no reason for it, no necessity for it. If he acts without complying with the statute he violates a positive law.

Let us not construct an equity out of the statute of limitations and § 2091. In the one case it has been repeatedly announced by this court that there is no equity outside of its terms, and there is no equity beyond the terms of the other.

There was no right or power, under the general law, in a foreign administrator to institute proceedings in court for the recovery of debts. He must take out letters here, and become an administrator here, or declining to do this, he may file the requisite vouchers of his appointment by the foreign court, and by that means acquire the limited power prescribed. It is strictly a statutory power, a special power, and must be strictly complied with.

*Smith* v. *Lockwood*, 13 Barb., 209; *Andover Turnpike Co.* v. *Gould*, 6 Mass., 40; *Franklin Coal Co.* v. *Byers White*, 14 Mass., 470. The point is too well settled to need elucidation.

The case of *Nye* v. *Cleveland*, 31 Miss., 440, was where the parties were both living, and *the right to sue out execution existed.* The execution was quashed for errors committed by the clerk; an erroneous cost bill, and a wrong rate of interest claimed after judgment. The plaintiff was not in fault, and the judge who made the decision not friendly to the plea of the statute of limitations.

*W. P. Harris*, for the appellant, argued the case orally.

*T. J. Carson*, for the appellee.

If the ruling of the court below was correct in quashing the pluries execution of Dec. 12, 1887, because the foreign administrator, Scanland, had neither taken out ancillary administration nor availed himself of the provisions of Section 2091, Code 1880, before having that one issued (upon which point an expression of opinion is most respectfully requested of this court), yet this court has frequently held that the issuance of an execution after the death of either a sole defendant or plaintiff on a judgment, without first reviving it, is not absolutely *void,*

but only *voidable*.    Other States recognize a contrary doctrine ; but this court has an unbroken line of decisions from 1 Miss. down, adhering to the rule.    So that I can safely invoke the doctrine of *stare decisis* on this point.    See *Hicks* v. *Moore*, 1 Miss., p. 66 ; 2 How., p. 601 ; *Shelton* v. *Hamilton*, 23 Miss., p. 497 ; *Drake* v. *Collins*, 5 Howard, p. 256 ; *Thompson* v. *Ross*, 26 Miss., p. 198 ; *Hodge* v. *Mitchell*, 27 Miss., p. 564 ; *Harrington* v. *O'Reilly*, 9 S. & M., p. 216 ; and *Hughes* v. *Wilkinson*, 37 Miss., p. 491.

Now, for the sake of argument, suppose that I admit that the pluries execution of Dec. 12, 1887, was properly quashed, then what effect would that have upon the statute of limitations invoked by appellant ?    A *void* execution does not interrupt the running of the statute, but a *voidable* one does.    The rule on this point is more uniform than the one above referred to as to what constitutes void and voidable executions ; but it is only necessary for me to refer to the case of *Nye* v. *Cleveland et al.*, 2 George, p. 440, which is conclusive.

In the case at bar the foreign administrator had complied with the terms of § 1747, Code of 1888, and it would be absurd to hold that its benefits are restricted to resident executors and administrators.

*Calhoon & Green*, on the same side.

1. The question arises whether the *fi. fa.* of Dec. 12th, 1887, is valid, void or voidable ?    If the same prevented the statute of limitations from running ?    Whether the judgment is barred as to execution ?

Sec. 1747 of the Code, which provides for the enforce-. ment of judgments without *fi. fa.*, provides a statutory method of enforcing judgments after death and is not affected by Sec. 2091, Code.    There is no limitation of Sec. 1747 to local administrators.    There is no necessity to place such construction upon it. The statute in terms covers all cases and the reason of the statute would extend to all, local and foreign.    The judgment is in the name of plaintiff, and so the *fi. fa.* runs.    As stated, the right of the plaintiff in judgment to sue is the right exercised, and this right exists in foreign as well as local citizens.    *Klein* v. *French*, 57 Miss., 669.

2. Counsel contends that § 2091, Code, controls and applies, and that as the foreign administrator had not complied with that on Dec. 12, 1887, when the first *fi. fa.* issued that it was void for want of capacity to sue. Sec. 2091 applies to *suits to be brought* by foreign administrators or acquittances to be given for debts without suit. In this latter clause it adds to the Code of 1871, § 1189. It thus appears that the capacity to sue under § 2091 is representative and as a foreign administrator, whereas under § 1747 the capacity is that of the decedent.

*Hope* v. *Hurt*, 59 Miss., so much relied on by adverse counsel was a *suit brought* by the foreign administrator, and of course § 2091 applied: that is the only statute giving foreign administrators a *locus standi* in our courts to bring suit.

3. We submit that the *fi. fa.* of December, 1887, was not void. If we give no enabling force to § 1747, and treat the *fi. fa.* as issued after the death of the plaintiff it is only voidable. The attorney of a deceased plaintiff may sue out *fi. fa.*, and it would stop the statute of limitations.

*Nye* v. *Cleveland*, 31 Miss., 440.

*M. Green*, of counsel for the appelles, argued the case orally.

CAMPBELL, J., delivered the opinion of the Court.

As seven years had elapsed after the 22d December, 1880, and before the 2d March, 1888, when this execution was issued, it was barred by Sec. 2674 of the Code, unless the execution of the 12th December, 1887, saved it from the bar. It did not, because it was not such an execution as is contemplated by the statute, which has in view one issued at the instance of one entitled to enforce the judgment, and who attempts to do it in pursuance of a right to do it. The right to enforce a judgment by execution is preserved as long as a period of seven years is not permitted to elapse after the date of the issuance of the last preceding execution. Inactivity for seven years will bar. The activity required to avoid a bar is that of him who is entitled to enforce the judgment. The provisions for successive executions is in lieu of repeated actions on the judgment, and execution must be in behalf of him who could maintain an action. It is argued that an execution merely voidable and not void is suffi-

cient to avoid the bar, and *Nye* v. *Cleveland*, 31 Miss., 440, is
cited to support this position, and it is claimed further that the
execution of Dec. 12th, 1887, was only voidable, and therefore, on
the authority of the case cited, prevented the bar of the statute.
That case holds that the effect of issuing an execution not a
nullity but only voidable, is to prevent the bar of the statute,
and it is the established doctrine in this State that an execution
issued after the death of the plaintiff or defendant is voidable
and not void.    But the execution in *Nye* v. *Cleveland*, was in
favor of one entitled to have execution of the judgment, and was
therefore the active effort of the party entitled to enforce the
judgment to do it, and came within the statute which makes such
effort the equivalent of an action on the judgment, and effective
to prevent the bar from attaching.    This feature of the case
qualified the general language of the opinion, and renders it un-
objectionable.

In the case before us, the execution of the 12th December,
1887, was not the effort of one entitled to enforce the judgment.
It was the act of one without right or interest, a stranger and an
intermeddler, for until the administrator appointed in Arkansas
had qualified according to our law, Sec. 2091 of the Code, he had
no standing in our Courts, and the execution issued at his
instance was as if he did not exist.    It was, therefore, the mere
act of the clerk, and not the effort of an authorized plaintiff
seeking to enforce, as he might lawfully, his judgment, and
failing because of some clerical error, as in *Nye* v. *Cleveland*.
The sort of execution to prevent the bar of the statute is one to
enforce the judgment, and, manifestly, it should be the effort of
a party entitled to do it, *Harris* v. *West*, 25 Miss., 156 : *Seavy*
v. *Bennett*, 64 Miss., 735.    No other can satisfy the statute.

An action by one without right cannot be invoked to inter-
rupt the course of the statute of limitations in any case.

Sec. 1747 of the Code does not entitle an executor or admin-
istrator who could not sue in our courts to have execution of a
judgment as it provides.    Until compliance with § 2091, Scan-
land was not entitled to have execution of the judgment, and
all that preceded that is as if it had not occurred.    It was of no
value for any purpose.    It had no effect whatever in preventing

65 Miss.—32.

the running of the statute of limitations, which, having commenced, continued to run, and could not be interrupted in its course except by the act of an authorized person endeavoring to enforce the judgment by execution he was entitled to have.

Subsequent qualification by Scanland to sue in our courts did not have relation back, so as to validate his unauthorized attempt to have execution of the judgment when he had no standing in court; for it is settled " that the facts which constitute the ground of a suit must exist at the time the suit is instituted," and it cannot be maintained by supplementing it with matter occurring after its institution.

Nor does. § 2686 of the Code embrace this case.

*Reversed, and execution quashed.*