CITY SAVINGS & TRUST CO. *v.* BRANCHIERI.

[72 South. 196.]

1. BANKS AND BANKING. *Deposit passbook. Rules and regulations. Validity. Executors and administrators. Foreign administration. Collection of assets. Conditions precedent. Non compliance.*

Printed rules and regulations in bank passbooks, which attempt to prescribe certain conditions and stipulations between the bank and the depositor in violation of law are void.

2. FOREIGN ADMINISTRATORS. *Collection of assets. Conditions precedent. Non compliance.*

When a defendant paid to a foreign administrator money belonging to a decedent, when no certified copy of the record of such administrator's appointment and qualification had been filed as required by Code 1906, section 2099, the defendant was liable to the local administrator for the amount so paid, notwithstanding the filing some two years afterward of such certificate.

APPEAL from the circuit court of Warren county.
HON. J. C. BRYSON, Special Judge.
Suit by Mike Branchieri, administrator against the City Savings and Trust Company. From a judgment for plaintiff, defendant appeals.
The facts are fully stated in the opinion of the court.

*Brunini, Hirsch & Griffith,* for appellant.

*T. G. Birchett* and *Henry & Canizaro,* for appellee.

HOLDEN, J., delivered the opinion of the court.

Mike Branchieri, administrator of the estate of Peter Branchieri, filed this suit in the circuit court of Warren county against the City Savings & Trust Company, and obtained a judgment for one thousand and eighty-two dollars and forty-two cents, from which judgment the City Savings & Trust Company, defendant below, appeals here.

Briefly stated, Peter Branchieri, the father of appellee Mike Branchieri, was a resident of Vicksburg, Miss., where he lived with his family until August 14, 1909, when he moved with his wife to Lexington, Ky. There he engaged in the saloon business until March 4, 1911, when he died. While he was living in Vicksburg he deposited in the appellant bank the sum of one thousand dollars, which he left there on deposit drawing interest, when he moved to Lexington, Ky. After the death of Peter Branchieri, the appellee, Mike Branchieri, his son, went to the appellant bank on March 28, 1911, and notified it that Peter Branchieri had died, and inquired as to whether or not he had left any money on deposit with this bank, and requested the appellant bank to hold such money as might be in its hands, as it was his intention to take out letters of administration upon his father's estate and collect the money. He was informed by the appellant bank that there was on deposit to the credit of Peter Branchieri one thousand dollars, and interest thereon. On April 27, 1911, Mike Branchieri was appointed administrator of the estate of the said Peter Branchieri, and qualified as such in Warren county, Miss. The deceased, Peter Branchieri, also left certain other property in Warren county, consisting of furniture and bar fixtures, etc.; and he also owed various persons living in Vicksburg different amounts of indebtedness, who afterwards duly probated their accounts against his estate in Warren county, Miss.

On March 23, 1911, the Lexington Banking & Trust Company, of Lexington, Ky., was appointed administrator of the estate of the said Peter Branchieri at Lexington, Ky., and qualified as such under the laws of the state of Kentucky. After the appellee, Mike Branchieri, was appointed and qualified as administrator by the Warren county chancery court on April 27, 1911, he went to the appellant bank and presented his letters of administration and demanded that the bank pay over to him the amount of his father's deposit, so that he could properly administer same and pay the debts due by his father to

persons living in Vicksburg. The appellant bank then notified appellee that the money deposited by Peter Branchieri had been already drawn out of the bank by the Kentucky administrator, and refused to pay him. On April 12, 1911, the Lexington Banking & Trust Company, the foreign administrator, had drawn a draft on the appellant bank for the full amount of the deposit and interest, which was one thousand and eighty-two dollars and forty-two cents, attaching to the draft the passbook, which draft the appellant bank paid on April 14, 1911. When this draft for one thousand and eighty-two dollars and forty-two cents was paid by the appellant bank, the foreign administrator, the Lexington Banking & Trust Company, had failed to comply with section 2099, Mississippi Code of 1906. It appears from the record that about two years after the appellant bank had paid the amount of the deposit to the foreign administrator a certified copy of the appointment, with certificates showing the appointment of the foreign administrator, were filed in the office of the chancery clerk as required by section 2099, Code 1906.

It further appears from the record that there were certain rules and regulations of the appellant bank contained and printed in the deposit passbook that was issued to the decedent, Peter Branchieri, which attempted to prescribe certain conditions and stipulations between the bank and the depositor, all of which were void if in conflict with the statutory law of the state. The appellee, Mike Branchieri (local) domestic administrator of the estate of Peter Branchieri, deceased, on June 21, 1911, filed this suit in the circuit court of Warren county to recover this deposit and interest from the appellant bank; and from a judgment in his favor, the bank prosecutes this appeal.

There seems to be but one question necessary for us to decide in this controversy, and that is whether or not the Lexington Banking & Trust Company, the foreign administrator of the estate of Peter Branchieri, deceased, could legally receive from, and validly receipt, the appellant City Savings & Trust Company, at Vicksburg, Miss.,

for the one thousand and eighty-two dollars and forty- two cents left with the appellant bank on deposit by deceased, without first complying with the statute (section 2099, Code Miss. 1906), which reads as follows:

"Executors and administrators who have qualified in other states or countries, may sue in the courts of this state, or may receive without suit and give a valid acquittance for any property of, or debts due to, their testators or intestates, after filing in the office of the clerk of the chancery court of the county where there may be some person indebted to the decedent or having some of his effects in possession, a certified copy of the record of the appointment and qualification of the executor or administrator according to the law of the state or country where he qualified, and a certificate of the officer before whom he is liable to account as such that he is there liable to account for the thing sued for or received."

The Lexington Banking & Trust Company, foreign administrator under the laws of Kentucky, failed to comply with the above statutory requirement, and therefore had no legal authority to collect from the appellant bank at Vicksburg the amount of money left there on deposit, which was due to the estate of the deceased Peter Branchieri; and the payment by the appellant bank to the foreign administrator was without authority of law. The fact that the foreign administrator recorded in the office of the chancery clerk of Warren county a certified copy of the record of his appointment two years after he had collected the money from the appellant bank was not such a compliance with section 2099 of the Mississippi Code of 1906 as would validate his past unauthorized acts, and thereby affect the intervening rights of the domestic administrator and the local resident creditors of the deceased, who had, in the meantime, probated their claims in Warren county, Miss. *Jackson* v. *Scanland,* 65 Miss. 487, 4 So. 552. The statute is plain, and means that a foreign administrator has no standing or authority to sue in the courts of this state or receive any money or prop-

erty or debts for intestates until "after filing in the office of the clerk of the chancery court of the county where there may be some person indebted to the deceased, or having some of his effects in possession, a certified copy of the record of the appointment and qualification of the administrator according to the law of the state where he qualified." The statute was not complied with here, but was ignored by the foreign administrator. Consequently the local administrator, the appellee here, had lawful authority to collect from the appellant bank the amount of money due to the deceased Peter Branchieri. *Ferguson et al.* v. *Morris,* 67 Ala. 389.

The contention by counsel for the appellant that the rule announced in *Klein* v. *French,* 57 Miss. 662, should control and reverse this case in its favor is untenable. The law announced there was good law at that time, 1880, according to the statute then in force in the Codes of 1857 and 1871, but the statue was changed, and section 1189 of the Code of 1871 is brought forward in section 2091 of the Code of 1880, section 1925 of the Code of 1892, and section 2099 of the Code of 1906. Consequently we find that, when the case of *Klein* v. *French, supra,* was decided, Justice George had before him the statute of 1871, in which the following language does not appear, "or may receive without suit and give a valid acquittance for any property of, or debts due to, their testators or intestates," but this language was added in the statute of 1880 by the legislature, and it appears in the statute in Codes of 1880, 1892 and is in section 2099 of the Code of 1906. So it becomes obvious that the statute is now different from what it was in 1871. Furthermore, the *Klein* v. *French* decision is favorable to the appellee's contention here, in that it holds inferentially that, where there are debts due by the deceased in the jurisdiction where the foreign debtor resides, the principal administrator (the foreign administrator in this case) has no authority to receive any voluntary payment from the

debtor for the estate of his intestate. But, regardless of the holding in that case, the statute (section 2099, Code Miss. 1906) now before us must be the guide in this case.

The judgment of the lower court is affirmed.

*Affirmed.*