PRINCETON TEXTILE PRINTING CORP., Plaintiff, *v.* WALTER PEEK PAPER CORP., Defendant.

Supreme Court, Special Term, New York County, May 25, 1949.

*Max J. Givertzman* for plaintiff.

*George Green* for defendant.

STEUER, J. The action was started in the name of a corporation. It now appears that the corporation was dissolved and a partnership of the same name succeeded to its business. These events took place prior to the time when the cause of action pleaded in the complaint arose. The discovery of the situation gave rise to the requests for relief here involved. The defendant moves to amend its answer to deny the corporate existence of plaintiff. This is not objected to. Plaintiff cross-moves to bring in the partners as parties plaintiff.

Defendant has several technical objections to plaintiff's papers but the substance of its objection is that no new party can be added when there is no actual party plaintiff. It also argues that a new party can not be added at a time when the Statute of Limitations has run against his claim. Plaintiff's position is that the original complaint contained a misdescription of the plaintiff which can now be corrected.

Defendant relies heavily on certain cases brought under wrongful death statutes of foreign States where the proper person to sue as designated in the foreign statute did not bring the action and permission to substitute was denied (*Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Sapone* v. *New York Central*

*& Hudson Riv. R. R. Co.*, 130 Misc. 755). But these cases have been virtually limited to their peculiar facts and different results are now obtained (*Benyak* v. *Lehigh Coal & Navigation Co.*, 166 App. Div. 829).

The problem presented does not admit of a categorical answer. Its solution depends on the method of approach.

There can be no doubt that the partnership started this action. They suffered the alleged wrong, they instructed the attorney to bring suit. The complaint alleges otherwise but it is in error. That error, though a serious one, can be corrected if defendant has suffered no disadvantage. The only disadvantage which has accrued to defendant is in not allowing it to profit by the error. That would be a legitimate grievance if this were a game. It is otherwise in a lawsuit.

Motion is granted to the following extent — plaintiff may serve an amended complaint on or before June 2, 1949. Defendant may answer same on or before June 22, 1949. Date of issue to remain unchanged.