### BANKING & TRADING CORP., Limited

v.

### RECONSTRUCTION FINANCE CORP.

United States District Court
S. D. New York.
Jan. 8, 1954.

Delson, Levin & Gordon, New York City, Robert Delson, Louis C. Bial, New York City, Carl Slater, Brooklyn, N. Y., Seymour Joseph, New York City, of counsel, for plaintiff.

C. R. L. Hemmersley, Montclair, N. J., Abram Glaser, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

Defendant moves for leave to amend its answer to include the defense that plaintiff lacks capacity to sue, and for an order dismissing the complaint on the same grounds. Defendant on oral argument abandoned its previous contention that this Court lacks jurisdiction and no longer seeks to raise this question as a defense.

Plaintiff, alleging that it was a corporation duly organized and existing under the laws of Indonesia, commenced this action on July 2, 1950 against the Reconstruction Finance Corporation to recover for the alleged breach of a contract made by the plaintiff with the Rubber Development Corporation, defendant's legal predecessor. The defendant's answer was filed on September 18, 1950, and an amended answer was filed by consent on March 2, 1951. Both the answer and the amended answer contained various denials. Insofar as is pertinent to the present motion to amend, they denied the first paragraph of the complaint relating to plaintiff's corporate

status on the ground that the defendant was without knowledge or information as to the truth of this allegation. On June 19, 1953 defendant served its present motion papers for the relief hereinbefore stated.

Plaintiff, relying on Rule 12(h), Federal Rules of Civil Procedure, 28 U.S.C. A. (hereafter F.R.C.P.), objects to the motion to amend on the ground, among others, that since the defendant has not raised the issue of capacity to sue in either the answer or amended answer, or by motion before the answer.[1] such a defense has been waived.[2] Defendant, on the other hand, relies on Rule 15(a), F.R.C.P., under which leave to amend is freely given when justice so requires.

It is true that amendments to the pleadings are liberally granted in the Federal Courts. Nevertheless, permission to amend, when the parties may no longer do so by right, as is the case here, lies within the Court's discretion and is to be freely granted in those instances where justice requires. No reason has been shown by the defendant to justify permitting its proposed defense at this late date. Indeed, there are convincing reasons why the defense should be barred. The action was begun almost three years before the present motion was made. The defendant served both an answer and an amended answer without raising the issue of plaintiff's capacity to sue as a corporation. While it is true that the question of plaintiff's corporate status depends on the law of Indonesia, and that an investigation of the question is made difficult by the barriers of distance, language and a foreign system of law, there is no explanation given for the defendant's delay until the latter part of 1952 in *starting* the investigation. Furthermore, defendant has openly admitted that if its present motion is granted, it will raise the statute of limitations as a bar to any attempt by the plaintiff to amend its complaint to bring the action either as a corporation duly incorporated in Indonesia in September 1953 (which defendant concedes), or as an unincorporated association or partnership. Thus to grant the amendment would be to reward the defendant for its own neglect in failing to assert sooner the alleged defense. Had the objection now sought to be raised been made earlier, the plaintiff could unquestionably have either amended its complaint to sue in another capacity or begun a new action after clearly establishing its corporate status, without risking the possibility of defeat by reason of the limitation statute. I am not ruling here that the statute has barred plaintiff's claim, or that the statute would prevent plaintiff from suing in another capacity. See Rule 17(b), F.R.C.P.; 3 Moore, supra, at p. 832 et seq., and cf. Princeton Textile Printing Corp. v. Walter Peek Paper Corp., Sup.N.Y.Co.1949, 195 Misc. 955, 91 N.Y.S.2d 443, affirmed 1st Dept.1949, 275 App.Div. 1024, 91 N.Y.S.2d 827. But, I am saying that in the interests of justice and expedition, the defendant's neglect should not form the basis for a decided advantage to it and if not cer-

---

1. Defendant does not deny that it failed in its answer and amended answer to raise the issue of plaintiff's capacity to sue. Its denial of knowledge of plaintiff's corporate status did not raise the issue. A specific negative averment is required. See Kucharski v. Pope & Talbot, D.C.S.D.N.Y.1944, 4 F.R.D. 208; 2 Moore's Federal Practice, p. 1905.

2. Rule 12(h) provides that: "A party waives all defenses and objections which he does not present either by motion * * * or, if he has made no motion, in his answer or reply * * *." (There follow certain exceptions not here applicable.) If the defense of lack of capacity to sue is raised by motion, the motion should be made before the answer. Coburn v. Coleman, D.C.W.D.S.C. 1947, 75 F.Supp. 107; Kucharski v. Pope & Talbot, supra; cf. Chemacid S. A. v. Ferrotar Corp., D.C.S.D.N.Y.1942, 3 F.R.D. 45.

tainty at least the possibility of putting plaintiff out of court.

Since the defense of lack of capacity to sue may not be raised by the defendant, the motion for dismissal of the complaint on this ground must also fail.

The motions are denied. Settle order.