DAVIS, ADMR. *v.* MERIDIAN & BIGBEE R. R. Co., et al.

No. 42848 February 24, 1964 161 So. 2d 171

*Williamson, Pigford & Hendricks, Joseph Thompson, J. M. Morse, III,* Meridian, for appllant.

*Floyd, Cameron & Deen,* Meridian, for appellees.

710

Jones, J.

Appellant was a foreign administrator appointed by the courts of Alabama. On December 12, 1962, he filed suit in the Circuit Court of Lauderdale County, Mississippi, against appellees for the injury and death of his intestate which occurred on December 25, 1960. He did not comply with Sec. 622, Miss. Code 1942, which reads as follows:

"Executors and administrators who have qualified in other states or countries, may sue in the courts of this state, or may receive without suit and give a valid acquittance for any property of, or debts due to, their testators or intestates, after filing in the office of the clerk of the chancery court of the county where there may be some person indebted to the decedent or having

some of his effects in possession, a certified copy of the record of the appointment and qualification of the executor or administrator according to the law of the state or country where he is qualified, and a certificate of the officer before whom he is liable to account as such that he is there liable to account for the thing sued for or received.''

For failure to comply the Circuit Court of Lauderdale County sustained a motion to dismiss. On February 27, 1963, appellant filed a motion to amend, having complied with Section 622 during said month of February. The lower court declined to permit the amendment. We affirm the case.

The wrongful death statute of Alabama, under which this suit was brought, is Sec. 123, Title 7, Alabama Code of 1940, which reads as follows:

''Action for wrongful act, omission or negligence causing death. — A personal representative may maintain an action, and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere for the wrongful act, omission, or negligence of any person or persons or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death. Such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed accordingly to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate.''

The statute (Sec. 622) is plain and clear that a foreign administrator or executor, before filing suit in this State, must file in the office of the clerk of the chancery court a certified copy of his appointment and qualification and a certificate of the officer before whom he is liable to account that he is there liable to account for the thing sued for or received.

This Court has so construed said statute in all the cases coming before it except the case of G. M. & N. Railroad Co. v. Wood, 164 Miss. 765, 146 So. 298, where it was held that under the Federal Employers' Liability Act, it was not necessary to comply with said statute for the reasons stated in said opinion. This opinion was confined to the Federal Act authorizing suit for damages by the persons there mentioned and under the circumstances therein provided. We are unwilling to extend the holding of that case beyond its provisions relative to the Federal Employers' Liability Act.

■■ ■ Therefore, we hold that the Court was correct in dismissing the suit in the first place for failure to comply with Section 622.

It will be noted that the Alabama statute creating the cause of action provides suit must be instituted within two years after the death of intestate. In L. & N.R. Co. v. Chamblee, 171 Ala. 188, 54 So. 681, the Alabama Court held: ''This period of two years is of the essence of the newly by the statute conferred right of action, and the plaintiff has the burden of affirmatively showing that his action was commenced within the period provided. It is not a limitation against the exercise of the remedy only.''

The fourth syllabus of Parker v. Fies & Sons, (Ala.), 10 So. 2d 13, is: ''The requirement of Homicide Act that suit thereunder be brought within two years after decedent's death from defendant's wrongful act is not a 'statute of limitations,' but commencement of suit within such time is of essence of cause of action, to be

disclosed by averment and proof. Code 1940, Tit. 7, Sec. 123.''

■■■ Our Court adopts the construction of a statute given by the Courts of the State whose legislature enacted it. McArthur v. Maryland Casualty Company, 184 Miss. 663, 186 So. 305. See also Dunn Construction Co. v. Bourne, 172 Miss. 620, 159 So. 841, and L. & N. R. Co. v. Dixon, 168 Miss. 14, 150 So. 811.

■■■ The motion to amend was filed after the two years had expired and with it the right of action. We have gone very carefully into the question of whether the amendment showing that since the suit was filed the administrator had duly qualified under Sec. 622 would relate back to the institution of the original suit, but we hold that it does not under what our Court said in the case of City Savings & Trust Co. v. Branchieri, 111 Miss. 774, 72 So. 196. There this Court said:

''The Lexington Banking & Trust Company, foreign administrator under the laws of Kentucky, failed to comply with the above statutory requirement, and therefore had no legal authority to collect from the appellant bank at Vicksburg the amount of money left there on deposit, which was due to the estate of the deceased Peter Branchieri; and the payment by the appellant bank to the foreign administrator was without authority of law. The fact that the foreign administrator recorded in the office of the chancery clerk of Warren county a certified copy of the record of his appointment two years after he had collected the money from the appellant bank was not such a compliance with section 2099 of the Mississippi Code of 1906 as would validate his past unauthorized acts, and thereby affect the intervening rights of the domestic administrator and the local resident creditors of the deceased, who had, in the meantime, probated their claims in Warren County, Miss. Jackson v. Scanland, 65 Miss. 481, 4 So. 552. The statute is plain, and means that a foreign administrator has

no standing or authority to sue in the courts of this state or receive any money or property or debts for intestates until 'after filing in the office of the clerk of the chancery court of the county where there may be some person indebted to the deceased, or having some of his effects in possession, a certified copy of the record of the appointment and qualification of the administrator according to the law of the state where he qualified.' The statute was not complied with here, but was ignored by the foreign administrator. Consequently the local administrator, the appellee here, had lawful authority to collect from the appellant bank the amount of money due to the deceased Peter Branchieri. Ferguson et al v. Morris, 67 Ala. 389.''

The appellant here had no right to file the suit and an amendment made after the right of action had expired could not validate the unauthorized filing of the suit. Under the statute and decisions, as we see it, there is nothing to be done except affirm the case.

Affirmed.

*Kyle, P. J., and Ethridge, McElroy and Rodgers, JJ.,* concur.