Laverne G. YOUNG, Administratrix of the Estate of George F. Young, Deceased, Plaintiff,

v.

Catherine E. PATTRIDGE, as Executrix of the Estate of Paul Daniel Pattridge, Deceased, Defendant.

No. DC6523.

United States District Court
N. D. Mississippi,
Delta Division.
June 28, 1966.

## MEMORANDUM OPINION

CLAYTON, Chief Judge.

This is a death claim suit which arose from a death in an airplane wreck in Colorado. A chronological development of the case in this court is as follows. On April 20, 1965, plaintiff filed her complaint, and on May 6, 1965, she filed an amended complaint against which defendant filed a motion to dismiss on May 22, 1965, claiming that this court lacked jurisdiction of the subject matter and that the amended complaint failed to state a claim upon which relief could be granted.

On June 4, 1965, plaintiff was granted leave to amend her complaint, and the motion to dismiss was overruled as moot.

On June 7, 1965, plaintiff filed her second amended complaint, against which defendant filed a motion to dismiss upon the ground that the complaint failed to state a claim upon which relief could be granted since the ad damnum was in excess of the statutory limit fixed by Colorado law and such limit was below the amount necessary to confer jurisdiction on this court. This motion was taken on briefs, and on September 24, 1965, it was overruled.

Defendant's answer on the merits was filed on September 28, 1965.

On January 21, 1966—more than seven months after the second amended complaint was filed and more than three months after answer on the merits was filed—defendant filed her third motion to dismiss, attacking for the first time plaintiff's capacity to sue. This motion is now before the court on briefs. With their briefs, the parties furnished directly to the court certain evidential materials which will be considered inasmuch as there is, apparently, no controversy with respect to the facts which are relevant to disposition of this motion.

Grounds assigned by defendant are that plaintiff has failed to file a certified copy of the record of her appointment

James A. Becker, Jr., of Watkins & Eager, Jackson, Miss., for plaintiff.

William O. Luckett, of Brewer, Brewer & Luckett, and Charles L. Sullivan of Sullivan, Dunbar & Smith, Clarksdale, Miss., for defendant.

and qualification as administratrix in the office of the clerk of the chancery court of the county of defendant as is required to be done by Mississippi law [1] and that the limitation on the wrongful death action which obtains is that established by section 41-1-4, Colorado Revised Statutes (1953), which provides that any such action must be brought within two years from the commission of the alleged negligence resulting in the death for which the suit is brought.

Facts relevant to the issues now here, as they may be taken as without dispute for present purposes, will be stated. Plaintiff is a resident of Cook County, Illinois, and she is the duly qualified and acting administratrix of the estate of George F. Young, deceased, by appointment of the Circuit Court of Cook County, Illinois. Defendant is executrix of the estate of Paul Daniel Pattridge, deceased, is a resident of Panola County, Mississippi, and acts as executrix in Cause No. 6059 of the Chancery Court of the Second Judicial District of said county. Plaintiff has never technically complied with the aforementioned requirements of Mississippi law that she file a certified copy of the record of her appointment and qualification as execu-

trix in Illinois with the chancery clerk. The claimed negligence and death giving rise to this suit occurred on January 10, 1964. If the Colorado statute of limitations which is relied on by defendant applies, and if plaintiff's failure to file a certified copy of her appointment and qualification as administratrix is fatally defective, then her suit became barred on January 11, 1966.

With the view this court takes with respect to the time when defendant's motion was filed, the question about applicability of the Colorado statute of limitations is not reached.

■ While it is undoubtedly true that capacity to sue is to be judged by the law of Mississippi, the state in which this court sits, as is provided by Rule 17(b), Federal Rules of Civil Procedure, this is true only when the right to object thereto has not been waived, as it has been here.

■■ Under the provisions of Rule 9(a) [2] it was defendant's obligation to raise the issue of plaintiff's capacity to sue "by specific negative averment" including "such supporting particulars as are peculiarly within the pleader's knowledge." This she did not do [3] until she

---

1. Mississippi Code Annotated 1942 (Recompiled) § 622

    § 622. *Foreign executor or administrator may sue.*

    Executors and administrators who have qualified in other states or countries, may sue in the courts of this state, or may receive without suit and give a valid acquittance for any property of, or debts due to, their testators or intestates, after filing in the office of the clerk of the chancery court of the county where there may be some person indebted to the decedent or having some of his effects in possession, a certified copy of the record of the appointment and qualification of the executor or administrator according to the law of the state or country where he is qualified, and a certificate of the officer before whom he is liable to account as such that he is there liable to account for the thing sued for or received.

2. (a) *Capacity.* It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

3. Defendant in her answer traversed by general denial plaintiff's allegations of appointment and qualification as administratrix. It cannot be said that this meets

filed her motion on January 13, 1966. Thus, by her deliberate choice to delay raising the issue of plaintiff's capacity to sue until the Colorado period of limitation had run, she brought to bear on this situation the provisions of Rule 12 (h), Federal Rules of Civil Procedure [4] under which it must be held she waived the right to raise this question.

In 1A Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1960) § 370, p. 512, it is succinctly stated:

> With these four exceptions, (1) want of jurisdiction of the subject matter, (2) non-joinder of an indispensable party, (3) failure to state a claim, and (4) failure to state a legal defense, every available defense or objection to a pleading for which a responsive pleading is required, is waived unless interposed by answer or reply or by a motion before answer or reply. *There are no exceptions or qualifications,* unless the court allows amendment of the responsive pleading under Rule 15. * * * (Emphasis added.)

In Kucharski v. Pope and Talbot, Inc., 4 F.R.D. 208 (S.D.N.Y.1944) where the facts were strikingly similar to the facts here, that court, inter alia, said:

> Plaintiff's attorney argues with great vigor that under the Pennsylvania statute the administrator acts as a statutory trustee. I need not decide the question for it is clear to me that defendants have waived their objection to plaintiff's capacity to sue as a Pennsylvania administratrix by their failure to plead their objection in their answer or otherwise to raise the objection until after the statute of limitations had run on the cause of action asserted. Wikoff v. Hirschel, su-

pra [258 N.Y. 28, 179 N.E. 249]; Rule 12(h), F.R.C.P.

In the earlier case of Chemacid, S. A. v. Ferrotar, 3 F.R.D. 45 (S.D.N.Y.1942) where the capacity of a foreign corporation to sue was raised by motion after the defendant's answer was filed, the court, inter alia, stated:

> This is purely a matter of pleading and is governed by the Federal Rules of Civil Procedure, more particularly Rule 9(a), which deals with capacity to sue. Rule 9(a) specifically provides that the capacity authority of a party to sue need not be averred. It further provides that lack of capacity is an affirmative defense which must be raised by answer. Having failed to assert it by motion prior to answer or in the answer itself, defendant must be held to have waived its objection.

In a later case in that same court, waiver of objection to plaintiff's capacity to sue was considered in Banking & Trading Corp., Limited v. Reconstruction Finance Corp., 15 F.R.D. 360 (S.D. N.Y.1954). Complaint was filed July 2, 1950, alleging plaintiff to be a corporation duly organized and existing under the laws of Indonesia. Defendant answered September 18, 1950, and then filed an amended answer on March 2, 1951, and then on June 19, 1953, defendant served its motion which raised for the first time the capacity of plaintiff to sue. Among other things in dealing with the issues there presented, the court said:

> Plaintiff, relying on Rule 12(h), Federal Rules of Civil Procedure, 28 U.S. C.A. (hereafter F.R.C.P.), objects to the motion to amend on the ground,

the requirements of Rule 9(a). See 1A Barron & Holtzoff Federal Practice and Procedure (Wright Ed.1960) § 301.

**4.** (h) *Waiver of Defenses.* A party waives all defenses and objections which he does

not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, * * *

among others, that since the defendant has not raised the issue of capacity to sue in either the answer or amended answer, or by motion before the answer, such a defense has been waived.

\* \* \* \* \* \*

\* \* \* Thus to grant the amendment would be to reward the defendant for its own neglect in failing to assert sooner the alleged defense. Had the objection now sought to be raised been made earlier, the plaintiff could unquestionably have either amended its complaint to sue in another capacity or begun a new action after clearly establishing its corporate status, without risking the possibility of defeat by reason of the limitation statute.

\* \* \* \* \* \*

I am saying that in the interests of justice and expedition, the defendant's neglect should not form the basis for a decided advantage to it and if not certainty at least the possibility of putting plaintiff out of court.

Giving strength to this court's view is the fact that under the amendments to the Rules of Civil Procedure which will become effective on July 1, 1966, Rule 12 has been changed consistently with what this court now holds. In those amended rules, Rule 12(g) will read as follows:

(g) *Consolidation of Defenses in Motion.* A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but *omits therefrom any defense or objection* then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the *defense or objection so*

*omitted,* except a motion as provided in subdivision (h) (2) hereof on any of the grounds there stated. (Emphasis added.)

Capacity to sue is not one of the exceptions stated in the new Rule 12(h) (2). See also Montellier v. United States, 202 F.Supp. 384 (E.D.N.Y.1962) and Coburn v. Coleman, 75 F.Supp. 107 (W.D.S.C.1947). Of interest also are the cases cited by the Advisory Committee in its note with respect to the new Rule 12 as favoring waiver. They are Keefe v. Derounian, 6 F.R.D. 11 (N.D. Ill.1946); Elbinger v. Precision Metal Workers Corp., 18 F.R.D. 467 (E.D.Wis. 1956); Rensing v. Turner Aviation Corp., 166 F.Supp. 790 (N.D.Ill.1958); P. Beiersdorf & Co. v. Duke Laboratories, Inc., 10 F.R.D. 282 (S.D.N.Y. 1950); and Neset v. Christensen, 92 F. Supp. 78 (E.D.N.Y.1950).

While disposition here is bottomed squarely upon defendant's waiver under Rule 12(h), Federal Rules of Civil Procedure of the right now to question plaintiff's capacity to sue, it may also be well to mention two other items. First, Illinois law [5] exempts the proceeds of a suit such as this from administration as a part of a decedent's estate, and any proceeds of this suit would belong to Mrs. Young (widow of decedent) and the three minor children. The amended complaint alleges, "This suit is filed by plaintiff (in this capacity as administratrix) for the benefit of herself and said minor children" and also, "Plaintiff is entitled to judgment for and in behalf of herself and the said minor children for all of the damages sustained by them as aforesaid."

And, second, plaintiff obtained express permission by its decree from the Chancery Court of the Second Judicial District of Panola County, Mississippi [6]

---

5. Chapter 70, Illinois Revised Statutes 1965, § 1, et seq.

6. It is with the clerk of this very court that the filings directed by Mississippi law should have been made. See note 1, supra.

for the Pattridge Estate to be reopened in order that plaintiff could file and prosecute this suit. That court expressly found the plaintiff to be the administratrix of the estate of decedent by appointment of an Illinois court and that she and the three minor children of her deceased husband had a claim against the Pattridge estate arising from the death in suit here. Defendant had notice of the proceedings leading to said decree by personal service of summons on her.

 Apparently, neither of these two circumstances (allegation that the suit was on behalf of statutory beneficiaries and actual notice to defendant in a court proceeding of plaintiff's capacity) were present in Davis v. Meridian & Bigbee Railroad, 248 Miss. 707, 161 So.2d 171 (1964).[7] And, this court could not say with assurance that the Mississippi courts would apply the harsh rule of *Davis* here and not apply the less technical rule which was applied in Gulf, M. & N. R. Co. v. Wood, 164 Miss. 765, 146 So. 298 (1933).

In *Wood* it was held that the non-resident administratrix who had not complied with the Mississippi filing statute[8] could maintain a suit under the Federal Employers Liability Act as statutory "agent or trustee" for those entitled to participate under federal law in the proceeds.

Nor, could this court say with assurance that the Mississippi courts would not hold that the aforementioned proceedings in state court amounted to a substantial compliance with the statute.

An order will be entered overruling the motion to dismiss.

7. In this case an action by a foreign administrator under the Alabama wrongful death statute was dismissed after the applicable period of limitation had expired

because the administrator had not complied with section 622 (note 1, supra).

. Then section 1723, Mississippi Code 1930.