EMILY WIKOFF, as Administratrix of the Estate of JOHN H. WIKOFF, Deceased, Respondent, *v.* JOSEPH HIRSCHEL, Appellant.

(Argued November 16, 1931; decided January 5, 1932.)

*E. J. Dimock* and *Glen W. Watkins* for appellant. The courts of this State cannot enforce the New Jersey statute because its procedural provisions restrict its enforcement to that State. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99; *Dudley* v. *Mayhew*, 3 N. Y. 9; *Marshall* v. *Sherman*, 148 N. Y. 9; *Slater* v. *Mexican National R. R. Co.*, 194 U. S. 120; *Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152; *Consolidated Coppermines Corp.* v. *Nevada Consol. Copper Co.*, 127 Misc. Rep. 71; *Commonwealth of Pennsylvania* v. *Beals*, 139 Misc. Rep. 785; *Matter of Malloy*, 1 Dem. 421; *Matter of Doyle*, 257 N. Y. 244.)

*Morris A. Wainger* and *John C. Robinson* for respondent. The New Jersey death act is enforceable in our courts. (*Public Service El. Co.* v. *Post*, 257 Fed. Rep. 933; *Wooden* v. *W. N. Y., etc., R. R. Co.*, 126 N. Y. 10; *Lauria* v. *Du Pont*, 241 Fed. Rep. 687; *Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Wilson* v. *Dairymen's League*, 105 N. J. L. 188; *Wachter* v. *Pizzutti*, 276 U. S. 13.)

CARDOZO, Ch. J. The action is brought to recover damages for the defendant's negligence in causing the death of John H. Wikoff in Monmouth county, New Jersey.

A statute of New Jersey, enacted in 1848 and amended from time to time, established a cause of action in such circumstances, the suit to be brought in the name of the personal representatives, and the recovery to be for the exclusive benefit of widow, husband and next of

kin in the proportion provided by law for the distribution of personal property upon intestate succession.

A supplemental statute, enacted in 1917 (Laws of New Jersey, 1917, ch. 180), provides that every such action shall be brought in the name of an administrator *ad prosequendum*, who shall have no authority to receive payment of the judgment, but that payment shall be made only to a general administrator " who has given bond as required by law and who has been appointed on a petition which recites the amount to be * * * paid in settlement or in satisfaction of such judgment, or to one who * * * has filed with the tribunal appointing him a supplemental bond with two able sureties."

On the death of John H. Wikoff, the plaintiff was appointed administratrix *ad prosequendum* and also general administratrix by the Surrogate of Monmouth county, New Jersey, and qualified in each capacity. The question is whether the cause of action existing under the statute of New Jersey is enforceable in New York.

Enforceable it plainly is, unless provisions in the statute of New Jersey are at war with our public policy (*Loucks v. Standard Oil Co.*, 224 N. Y. 99, 110), or unless the remedies prescribed thereby are incapable of adaptation to the forms of our procedure (*Loucks v. Standard Oil Co., supra*, at p. 113; *Slater v. Mexican Nat. R. R. Co.*, 194 U. S. 120).

The defendant does not urge that the public policy of New Jersey is different from ours. What is urged is merely this, that there is lacking in this State the procedural machinery whereby the statute can be made effective. If judgment shall be recovered in the name of the administratrix *ad prosequendum* and the general administratrix appointed in New Jersey there can be no collection of the judgment till the general administratrix shall have filed a supplemental bond in the State of her appointment. The argument for the defendant is that a judgment, not susceptible of collection at the hands of the plaintiff who recovers it, is unknown to our law.

The fact is, however, that it is not unknown at all. The law of New York permits the grant of limited letters whereby an executor or administrator receives authority to sue, but is restrained from collecting without giving a sufficient bond (Surrogate's Court Act, §§ 89, 122). There will be no shock to our procedural forms in giving effect to like restrictions established in another State (cf. *Public Service Electric Co.* v. *Post*, 257 Fed. Rep. 933; *Wilson* v. *Dairymen's League*, 105 N. J. L. 188, 191). All that there will be need to do will be to stay the enforcement of the judgment till the plaintiff shall have become qualified to collect it in accordance with the foreign law. The statute of New Jersey being the measure of the plaintiff's cause of action, the courts of New York will not help her to collect a judgment any more than they will help her to recover one except in subjection to the restrictions conditioning her authority in the *locus* of the tort.

The defendant's motion is directed to the single objection that the facts stated in the complaint do not constitute a cause of action. This does not include the objection that the plaintiff as a foreign administratrix is without legal capacity to sue, an objection deemed to have been waived unless seasonably urged (Civ. Pr. Act, § 278; *Dearborn* v. *Mathes*, 128 Mass. 194; *Robbins* v. *Wells*, 24 N. Y. Super. Ct. 666; *Noonan* v. *Bradley*, 9 Wall. [U. S.] 394). The general rule is that a foreign administrator is without standing in our courts (*Helme* v. *Buckelew*, 229 N. Y. 363, 365). Decedent Estate Law (Cons. Laws, ch. 13), section 160, after a brief and troublous existence (*Helme* v. *Buckelew*, *supra*; *McMaster* v. *Gould*, 240 N. Y. 379), was wiped off the statute books (Laws of 1926, ch. 660), and is no longer law to-day. The cases are in conflict upon the question whether, apart from the enabling provisions of that statute or of any other, a foreign administrator suing to recover damages for the death of a decedent is within

the general rule, or may be regarded, if so constituted by the law of the State of the injury, as a special statutory trustee, privileged to sue any where (Am. L. Inst., Conflict of Laws, Restatement No. 4, § 432, and cases cited in the explanatory notes; Goodrich, Conflict of Laws, pp. 210, 211). We are not required to make a choice of the one theory or the other, for in view of the defendant's waiver, the question is not here.

The order should be affirmed with costs, and the question certified answered " yes."

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed, etc.