## Second Department, June, 1935.

In the Matter of the Application of Morton L. Cummings, Appellant, for an Order of Mandamus against Raymond V. Ingersoll, as President of the Borough of Brooklyn of the City of New York, Respondent.— Motion for reargument of appeal or for resettlement of order dated March 25, 1935, denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

In the Matter of the Petition of Murray Nitsberg or Murray Nitzberg for Reinstatement as an Attorney and Counselor at Law.— Motion for reinstatement denied. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

In the Matter of the Application of Queens County Bar Association in Respect of Scott Sanders, an Attorney and Counselor at Law.— Application denied and proceeding dismissed. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

John Sweeney, Respondent, v. John E. Boyer, Appellant, and Thomas J. Boland and John H. Berger, Defendants.— Motion granted to the extent of confirming the report of the official referee with respect to the allowances of $425 for merchandise and $1,067.60 for furnishings and fixtures, and of increasing the allowance of $150 for good will to the sum of $300, making a total of $1,792.60, which amount is hereby fixed as the value of the personal property seized and sold by the sheriff of Rockland county under an execution on a judgment in favor of the plaintiff and against defendant Boyer, and reversed by this court. An order for restitution to the appellant, Boyer, by the plaintiff in said amount of $1,792.60 will be made under section 587 of the Civil Practice Act, with ten dollars costs to the appellant, and judgment will be entered thereon. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ. Settle order on notice.

Teofila Aleksiak, as Administratrix, etc., of Bazeli Aleksiak, Deceased, Appellant, v. Lehigh Valley Railroad Company, Respondent. — Order denying motion for leave to serve a supplemental complaint to bring in a general administratrix appointed in the State of New Jersey affirmed, without costs. Neither the original nor the proposed plaintiff has capacity to sue in this State. (*Petersen* v. *Chemi al Bank*, 32 N. Y. 21; *Helme* v. *Buckelew*, 229 id. 363; *Wikoff* v. *Hirschel*, 258 id. 28.) It would be futile to bring in a general administrator for the purpose of collecting a judgment which cannot be had. The case is unlike that of *Ferguson* v. *Harder* (141 Misc. 466), wherein the administratrix qualified in this State before seeking to amend the complaint. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.