## DIATEL v. GLEASON.

District Court, S. D. New York.
Sept. 1, 1937.

Thomas J. O'Neill, of New York City (Charles R. Mullin, of New York City, of counsel), for plaintiff.

Kellogg & Chance, of New York City, for defendant.

PATTERSON, District Judge.

The question is whether a New Jersey administratrix has capacity to maintain an action here for wrongful death brought about in New Jersey without taking out ancillary letters here. From the complaint it appears that one Diatel was killed as the result of an automobile accident in New Jersey, brought about, it is said, by the negligence of the defendant; that he left a widow surviving; that New Jersey has a statute to the effect that a person shall be liable for causing the death of another by wrongful act, neglect, or default, the action to be brought by the personal representative of the deceased for the sole benefit of surviving widow, husband, and next of kin; that the plaintiff was appointed administratrix by a court of competent jurisdiction in New Jersey with authority to commence action for wrongful death. The plaintiff has not taken out ancillary letters of administration in New York; her position is that ancillary letters here are unnecessary. The defendant moves to dismiss the complaint on the ground that without ancillary letters the plaintiff has no legal capacity to bring suit in a federal court in New York.

Since the law of the place of wrong governs the right of action for death, the cause of action is controlled by the New Jersey Death Act. R.S.1937, 2:47–1 et seq., 2 Comp.St.1910, p. 1907, § 7, Comp.St.Supp. 1924, § 55–10. Slater v. Mexican National R. Co., 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900; Loucks v. Standard Oil Co., 224 N.Y. 99, 120 N.E. 198. That law determines the

356

person entitled to bring suit. The plaintiff, therefore, as personal representative of the decedent by appointment in New Jersey is the proper party plaintiff. But the question remains whether a New Jersey administrator may sue in New York to enforce a cause of action for wrongful death arising in New Jersey without obtaining ancillary letters here, and on the answer to that question there is a conflict of opinion. One line of authorities applies to such a case the common-law principle that an administrator may not maintain an action outside the state of appointment except by taking out ancillary letters, Maysville Street Ry. Co. v. Marvin, 6 Cir., 59 F. 91, Cornell Co. v. Ward, 2 Cir., 168 F. 51, Dodge v. North Hudson, 177 F. 986, C.C.N.Y., Mattison v. Boston & Maine R. R., 205 F. 821, D.C.N.Y., Brown v. Boston & Maine R. R., 283 Mass. 192, 186 N.E. 59; unless the state where suit is brought has a statute permitting foreign administrators to bring suits, as was the case ·in Cincinnati R. Co. v. Thiebaud, 6 Cir., 114 F. 918, Public Service Electric Co. v. Post, 3 Cir., 257 F. 933, and Bethel v. Pawnee County, 95 Neb. 203, 145 N.W. 363. The rule is so stated in Restatement of Conflict of Laws, § 396, and in Beale on Conflict of Laws, § 396.1. The opposing line of cases is to the effect that foreign administrators may bring suits to recover for wrongful death without issue of ancillary letters and without benefit of local statutes permitting foreign executors· and administrators to sue, where the statute of the state in which the wrong was committed is in the usual form of giving the personal representative the right to bring an action for the benefit of the widow or next of kin. The reasoning is that the administrator in such instances sues not for the general estate of the deceased, but as statutory trustee for designated beneficiaries, and that the ordinary rule on disability of foreign administrators has no bearing. Wilson v. Tootle, 55 F. 211, C.C.Mo.; McCarty v. New York, L. E. & W. R. Co., 62 F. 437, C.C.N.Y.; Pearson v. Norfolk & W. R. Co., 286 F. 429, D.C.Va.; Brown v. Chicago & N. W. R. Co., 129 Minn. 347, 152 N.W. 729; Boulden v. Pennsylvania R. Co., 205 Pa. 264, 54 A. 906. Other cases are collected in a note in 85 A.L.R. 1246. In New York the Court of Appeals has commented on the conflict, but has left the question open. Wikoff v. Hirschel, 258 N.Y. 28, 179 N.E. 249.

■ However persuasive on principle and preferable in practice the second view may be, this court is bound to the first view by the decision of the Circuit Court of Appeals of this circuit in Cornell Co. v. Ward, supra, decided in 1909. There the wrong resulting in death was done in New York, where the Death Act gave right of action to an executor or administrator for the benefit of husband, wife, or next of kin of the deceased. The action was brought in the federal court sitting in New York; the plaintiff being the New Jersey administrator of the deceased. It was held that the action could not be maintained in New York in the absence of ancillary letters and of New York legislation enabling a foreign administrator to sue here. Unless then there is a New York statute which enables foreign administrators to maintain suit to recover for wrongful death in a case of the present type without resort to ancillary letters, the plaintiff lacks capacity to sue in this court.

■ It is said that there is a New York statute permitting suit by foreign administrators in actions to recover for wrongful death. The act relied on is Decedent Estate Law, Consol.Laws, c. 13, § 130, which is the New York statute giving right of action for wrongful death. It provides: "The executor or administrator duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued."

The words referring to executors and administrators appointed outside the state were added to the act in 1915. Laws 1915, c. 620, amending Code Civ.Proc. § 1902.

Despite the broad language used, it is well understood that section 130 of the Decedent Estate Law has to do only with cases where the wrong resulting in death occurred in New York. Where the wrong was committed in New York, the statute as it has stood since 1915 authorizes suit by a foreign executor or administrator without resort to ancillary appointment, and if the statute had so read at the time of the Cornell Case, supra, that suit by a New Jersey

administrator would have been sustained. There the injury was inflicted in New York. But section 130 of the Decedent Estate Law does not touch a case where the wrongful act was committed in another state. Whitford v. Panama R. Co., 23 N.Y. 465; Johnson v. Phoenix Bridge Co., 197 N.Y. 316, 90 N.E. 953; Loucks v. Standard Oil Co., supra. It is of no assistance to a New Jersey administratrix in a case where the act resulting in death happened in New Jersey.

New York formerly had a statute, Code of Civil Procedure, § 1836a, later Decedent Estate Law, § 160, permitting suit by foreign executors and administrators generally. That statute covered a case like the present one, Provost v. International Giant Safety Coaster Co., 152 App.Div. 83, 136 N.Y.S. 654, affirmed 208 N.Y. 635, 102 N.E. 1112; but it was repealed in 1926.

The motion to dismiss for lack of capacity to sue will be granted, with leave to the plaintiff to serve an amended complaint or to commence a new suit in case she shall take out ancillary letters of administration here.