AURA BALDWIN, as Administratrix of the Estate of CHARLES H. WILTSIE, Deceased, Respondent, *v.* L. R. POWELL, JR., et al., as Receivers of SEABOARD AIR LINE RAILWAY, Appellants.

First Department, April 21, 1944.

*William R. McDermott* of counsel (*Alexander & Green,* attorneys), for appellants.

*Benjamin Levin* of counsel (*Joseph P. Axler* with him on the brief; *Liflander & Dimond,* attorneys), for respondent.

TOWNLEY, J. This action is brought to recover the sum of $43,000 alleged to be due as damages for the alleged wrongful death of the plaintiff's intestate, one Charles H. Wiltsie.

The complaint alleges that the plaintiff is the administratrix of the deceased and that letters of administration were issued by the Probate Court for the District of New Haven, State of Connecticut. Plaintiff has not been made an ancillary administratrix in the State of New York. The defendants are receivers of the Seaboard Air Line Railway, a Florida corporation. The accident occurred in Florida when plaintiff's intestate, a con-

ductor and employee of the Pullman Company, suffered injuries which caused his death. It is alleged that the death of the plaintiff's intestate was caused by the negligence of the agents and employees of the defendants.

A motion was made to dismiss the complaint on the ground that the plaintiff has not legal capacity to sue in the courts of this State.

At common law an action for injuries caused by negligence abated on the death of the plaintiff, and administrators or executors, domestic or foreign, had no substantial rights remaining which could be enforced. This situation was changed by the passage in this State of what is now section 130 of the Decedent Estate Law. It provides that: "The executor or administrator duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued."

By numerous decisions, it was decided that the above section, though general in its terms, creates a right of action only for wrongful death occurring in the State of New York. (*Whitford* v. *Panama R. R. Co.,* 23 N. Y. 465; *Wooden* v. *W. N. Y. & P. R. R. Co.,* 126 N. Y. 10; *Johnson* v. *Phœnix Bridge Co.,* 197 N. Y. 316.)

In the case at bar the right to sue is created by Florida statute. Under the Florida statute the action may be brought by the executor or administrator only if there be no widow or husband, minor child or children or persons depending upon the person killed for support. (Florida Statutes 1941, §§ 768.01, 768.02.)

Prior to the year 1911 it was established in this State that a foreign executor or administrator could not sue outside of the jurisdiction of the court appointing him and that he could not bring suit in this State. (*Hopper* v. *Hopper,* 125 N. Y. 400, 402.) In that case it was stated: "By the phrase ' foreign executor ' the courts never mean the mere non-residence of the individual holding the office, but the foreign origin of the representative character. That is the sole product of the foreign law, and, depending upon it for existence, cannot pass beyond the jurisdiction of its origin. The individual may come here and acquire rights or incur liabilities which our tribunals will defend or enforce, but he can have no representative rights or

liabilities since we recognize in him no representative character."

In 1911 the Legislature passed an act permitting suits to be brought by and against foreign administrators. This legislative provision, section 1836-a of the Code of Civil Procedure (L. 1911, ch. 631) was held unconstitutional with respect to suits against foreign executors in *McMaster* v. *Gould* (240 N. Y. 379). Thereafter the act was repealed by the Laws of 1926, chapter 660. At the present time there is no provision allowing foreign administrators in general to sue.

In *Wikoff* v. *Hirschel* (258 N. Y. 28) an action was brought by a New Jersey administratrix to recover for the alleged wrongful death of her intestate. A motion was made to dismiss on the ground that the courts of New York State lacked jurisdiction to make the New Jersey statute effective. The Court of Appeals said that the precise point whether the foreign administratrix lacked capacity to sue was not presented. But the court remarked: "The general rule is that a foreign administrator is without standing in our courts (*Helme* v. *Buckelew*, 229 N. Y. 363, 365)."

The only contention that is made in this case to justify the jurisdiction of the court is that section 130 of the Decedent Estate Law is general in its nature and applies to all foreign administrators. It seems to us that the correct view of this question is expressed in the opinion of Judge PATTERSON in *Diatel* v. *Gleason* (22 F. Supp. 355). He said: "Despite the broad language used, it is well understood that section 130 of the Decedent Estate Law has to do only with cases where the wrong resulting in death occurred in New York. Where the wrong was committed in New York, the statute as it has stood since 1915 authorizes suit by a foreign executor or administrator without resort to ancillary appointment, * * *. But section 130 of the Decedent Estate Law does not touch a case where the wrongful act was committed in another State. * * * It is of no assistance to a New Jersey administratrix in a case where the act resulting in death happened in New Jersey."

We hold that section 130 of the Decedent Estate Law does not give authority for this court to assume jurisdiction in this case. We find no grounds upon which to hold that the plaintiff has legal capacity to sue as foreign administratrix upon a wrongful death occurring in the State of Florida.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., GLENNON and COHN, JJ., concur; DORE, J., concurs in result.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.    [See *post*, p. 984.]