## COOPER v. AMERICAN AIRLINES, Inc.

District Court, S. D. New York.

Sept. 29, 1944.

Samuel L. Sargent, of New York City, for plaintiff.

Everett W. Bovard, of New York City, for defendant.

CONGER, District Judge.

Plaintiff sues as executrix of the estate of William K. Cooper, deceased, to recover damages for the wrongful death of said decedent. The accident, as the result of which the deceased lost his life, occurred in Kentucky. At the time of his death, decedent was a resident of the State of Pennsylvania and plaintiff was and now is a resident of the State of Pennsylvania. Plaintiff's letters were issued in the State of Pennsylvania.

Prior to the commencement of this action, plaintiff made application to the Surrogate Court of the County of New York for limited ancillary letters testamentary. This application was denied. See opinion of Mr. Surrogate Foley, —— Misc. ——, 50 N.Y.S.2d 905, March 31, 1944, New York Law Journal April 1, 1944.

The defendant is a corporation, organized and existing by and under the laws of the State of Delaware. It has a place of business in the City of New York. For her right of action plaintiff must look to the laws of the State of Kentucky.

Plaintiff alleges that decedent's death was caused by the negligence of the defendant. At the time of the death of decedent there was a law on the statute books of Kentucky which provided that damages could be recovered in such a case for the benefit of the next of kin of the deceased in

an action to be prosecuted by his personal representative. The plaintiff, as executrix, has brought this action for the benefit of herself (the widow) and her two children.

Defendant moves to dismiss the complaint on the ground (among others) that the alleged cause of action arose outside the State of New York and the plaintiff has not capacity to sue in the Courts of the State of New York without obtaining ancillary letters in New York.

Plaintiff in bringing this action in this Court relies on Section 130 of the Decedent Estate Law of the State of New York, Consol.Laws, c. 13. This section gives the right to an executor or administrator, duly appointed in this State or in any other State, of a decedent who has left him surviving a husband, wife or next of kin, to maintain an action to recover damages for a wrongful act, neglect, or default by which the decedent's death was caused, against a corporation which would have been liable to an action in favor of the decedent by reason thereof if death had not ensued.

The question for decision is whether or not this provision of the Decedent Estate Law gives the right to a foreign executrix to maintain such an action, where the cause arose outside the State of New York. As the law now stands the Statute, Section 130, gives the right to maintain such an action without ancillary letters but does it apply where the alleged wrongful act causing death occurred outside the State of New York?

■ The capacity of this plaintiff to sue in this Court must be determined under the laws of the State of New York. Rule 17 (b), Federal Rules of Civil Procedure; 28 U.S.C.A. following section 723c; Moore v. Mitchell, 281 U.S. 18, 50 S.Ct. 175, 74 L. Ed. 673; Rejsenhoff v. Colonial Nav. Co., D.C., 35 F.Supp. 577; Kleckner v. Lehigh, 36 F.Supp. 600.

■ The general rule is that a foreign executor or administrator is without standing in our Courts (New York). Wikoff v. Hirschel, 258 N.Y. 28, 179 N.E. 249.

At common law, a foreign executor or administrator had no standing in the Courts of this State unless he first had himself appointed as an ancillary executor or administrator. Kirkbride v. Van Note, 275 N.Y. 244, 9 N.E.2d 852, 112 A.L.R. 243.

In exceptional cases this rule has been modified. An exception has been made as a matter of comity in the interests of justice. Kirkbride v. Van Note, supra. I see no reason to change or modify the prevailing rule here. A decision adverse to the plaintiff will not affect her rights or deprive her of a remedy. Plaintiff has instituted an action against defendant in the State of Delaware for the same relief sought in this action. That action is now at issue. Defendant in its brief states plaintiff has also brought a similar action in Pennsylvania.

Except for Section 130 of the Decedent Estate Law, there is no Statute in New York giving a foreign executor the right to sue in New York for damages for wrongful death where the accident causing the death occurred outside the State of New York.

Plaintiff contends that Section 130 gives her this right.

I am satisfied that the highest court of New York has not passed on this question; certainly not since Section 130 has been in its present form. Nevertheless, it is my duty to make an endeavor to ascertain and apply the law of this State to the problem. Meredith v. Winter Haven, 320 U.S. 228, 64 S.Ct. 7.

There are decisions, however, of the Intermediate Appellate Courts which have decided this precise question. See: Aleksiak v. Lehigh Valley R. R., 245 App.Div. 722, 280 N.Y.S. 43; Baldwin v. Powell, 267 App.Div. 640, 47 N.Y.S.2d 665.

■ I feel that I am not free to reject the rule laid down in these cases simply because it has not received the sanction of the highest State Court even though I think the rule enumerated therein is unsound in principle or that another is preferable. There are many rules of decision commonly accepted and acted upon and regarded as the law of the State although the highest court of the State has never passed upon them. West v. A. T. & T. Co., 311 U.S. 223, 61 S.Ct. 179, 183, 85 L.Ed. 139, 132 A.L.R. 956.

In the last analysis this is the test:

"Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." West v. A. T. & T. Co., supra.

With this yardstick in mind I can only conclude that I should follow Aleksiak v. Lehigh Valley R. R., supra, and Baldwin v. Powell, supra, since I am not convinced "by other persuasive data that the highest court of the state would decide otherwise."

█ These two cases pass on the precise question we have here. Both in unequivocal language hold that Section 130 does not give a foreign executor or administrator the right to sue in the State for damages for wrongful death, where the wrongful act was committed in another State.

There is no need for one to analyze these decisions. They are convincing, particularly the latter one (Baldwin v. Powell). The opinion is a well written and well reasoned one. I follow it not only because I feel I am bound to but also because I agree with the finding therein and the reasons given in the opinion for the finding.

This precise point also has been passed upon in recent years by the Judges of this Court. Diatel v. Gleason, D.C., 22 F.Supp. 355; Rejsenhoff v. Colonial Nav. Co., supra; Farmer v. Baltimore & Ohio R. R., D.C.[1]

All three cases hold that Section 130 of the Decedent Estate Law does not touch a case where the wrongful act was committed in another State. I see no reason to differ with these other Judges of this Court. While there is no rule of law which obligates me to follow them, certainly their opinions are at least highly persuasive. In this instance they are more than that. I follow them because I agree with them.

Plaintiff's attorney, with great skill and ability, has dissected in his briefs the opinions in these five cases, but unfortunately he has not convinced me. In particular, at some length and I might say very ably, he has attacked Judge Patterson's opinion in Diatel v. Gleason, supra. He contends that Judge Patterson misconstrued the opinion in Provost v. International Giant Safety Coaster Co., 152 App.Div. 83, 136 N.Y.S. 654, affirmed without opinion by the Court of Appeals 208 N.Y. 635, 102 N.E. 1112. In the above case the Court held that an administrator appointed in New Jersey might maintain an action in the State of New York for wrongful death.

This brings me to a point raised by plaintiff which I must give some consideration. On the part of the plaintiff it is contended that as to the question involved here, the highest court of the State has laid down the rule of the State of New York and that I must follow that rule. I feel as Judge Patterson did that Provost v. International Giant Safety Coaster Co., supra, has no application to the situation we have here with the law as it now stands.

When the decision in Provost v. International Giant Safety Coaster Co., supra, was written the present Section 130 of the Decedent Estate Law was in existence in a different form, the pertinent part of which reads as follows:

"The executor or administrator * * * of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." Section 1902 of the Code of Civil Procedure.

There was at the same time a statute in New York, Section 1836-a of the Code of Civil Procedure, permitting and allowing foreign executors and administrators generally to sue and be sued in the State of New York. It should be noted that this statute was repealed in 1926, but it was the law in 1912 when the opinion in Provost v. International Giant Safety Coaster Co., supra, was written.

Plaintiff's contention is that Mr. Justice McLaughlin, who wrote the opinion in Provost v. International Giant Safety Coaster Co., supra, decided the question involved solely by reason of the provision of Section 1902 of the Code of Civil Procedure, and that any reference to Section 1836-a was through inadvertence and that Judge Patterson erred in assuming that Judge McLaughlin based his conclusions upon the said Section 1836-a. I must disagree with this contention of plaintiff. A careful reading of the opinion in Provost v. International Giant Safety Coaster Co., convinces me that the Judge in writing the opinion placed great reliance on Section 1836-a and that his reference to 1836-a twice was not through inadvertence. In no uncertain terms he made this observation: "It seems to me that under section 1836-a Plaintiff has the right to maintain this action. He fairly comes within its provisions." [152 App.Div. 83, 136 N.Y.S. 656]

---

[1] No opinion for publication.

I agree with Judge Patterson in his interpretation of the opinion in Provost v. International Giant Safety Coaster Co., supra. It should be noted at this point that in the Provost case the accident which gave rise to the cause of action occurred in New York State. The action was one coming within Section 1902. I regard this as significant.

Plaintiff further maintains that irrespective of any statute, a foreign executor or administrator may sue here in an action of this character. The reasoning is that the executor or administrator in such a case sues not for the general estate of the deceased, but as the statutory trustee for designated beneficiaries and that the ordinary rule on disability of foreign executors and administrators has no bearing.

It is true that the courts have said that an executor or administrator, such as we find here, has a cause of action that is not a part of the estate of the deceased, but that in so far as the cause of action is concerned he is really acting as trustee for the specified beneficiaries, as in this case for the widow and the children. Hegerich v. Keddie, 99 N.Y. 258, 1 N.E. 787, 52 Am.Rep. 25; Wooden v. Western New York & P. R. R. Co., 126 N.Y. 10, 26 N.E. 1050, 13 L.R.A. 458, 22 Am.St.Rep. 803.

On this point plaintiff has furnished me with no New York precedent sustaining her contentions. I have found none.

Plaintiff relies to some extent on Wikoff v. Hirschel, supra. I regard that case as not controlling on this subject. The Court in that case did say that on this question there was a conflict of authority, but then said: "We are not required to make a choice of the one theory or the other, for in view of the defendant's waiver, the question is not here." [258 N.Y. 28, 179 N.E. 250] I can't see how plaintiff can derive any sustenance from this case.

My search convinces me that there is no conflict as far as New York case law is concerned at least since the statute law as it stands as present was enacted. Whether this precise question was raised in Aleksiak v. Lehigh, supra, and Baldwin v. Powell, supra, I do not know. I do know it was raised before Judge Patterson in Diatel v. Gleason, supra.

My considered judgment is that I should follow the ruling of Judge Patterson in the above case. I agree with him that "unless then there is a New York stat-

ute which enables foreign administrators to maintain suit to recover for wrongful death in a case of the present type without resort to ancillary letters, the plaintiff lacks capacity to sue in this court." [22 F.Supp. 356]

Inasmuch as I have held here that there is no such statute, I find against plaintiff in her contention.

Defendant urges other grounds for the dismissal of the complaint herein. In view of my holding herein I feel it unnecessary to pass on them.

Motion of defendant granted.

Submit order on three days' notice.