**KUCHARSKI v. POPE & TALBOT, Inc., et al.**

District Court, S. D. New York. Nov. 28, 1944.

Macklin, Brown, Lenahan & Speer, of New York City (James F. Masterson, of Philadelphia, Pa., Gerald J. McKernan, of New York City, and Vincent P. Froio, of Philadelphia, Pa., of counsel), for plaintiff.

Dorsey & Adams, of New York City, for defendants.

RIFKIND, District Judge.

Defendants move for summary judgment pursuant to Rule 56(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or for judgment on the pleadings pursuant to Rule 12(b). The substantial ground for the motions is the plaintiff's alleged lack of capacity to sue.

The action was commenced on March 20, 1943, by "Frances Kucharski, as administratrix of the estate of Joseph Kucharski, deceased," as plaintiff, to recover for the wrongful death of plaintiff's intestate, under the laws of the State of Pennsylvania where the fatal injuries occurred. concerning plaintiff's capacity, the complaint alleged that "plaintiff herein, is the administratrix of the estate of Joseph Kucharski, deceased, having been so appointed by the Register of Wills of Philadelphia County on March 4, 1943". The answer, filed April 20, 1943, denied, concerning this allegation, knowledge or information sufficient to form a belief. Such a denial of knowledge or information did not satisfy the requirements of Rule 9(a) and consequently by the terms of the Rule it failed to raise an issue as to plaintiff's legal capacity.

Under Rule 12(h), the defense or objection of lack of capacity is waived unless presented by a pleading or by motion authorized under the rules; and the implication of the rule is that, if a motion is used, it must be made before answer. I draw this inference from the language of the rule: "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply * * *."

On June 17, 1943, on motion of defendants, a third party defendant was ordered into the case. On September 18, 1944 (18 months after the commencement of suit) defendants moved before Judge Hulbert for leave to amend their answer to plead plaintiff's lack of capacity to sue. While that motion was pending, plaintiff applied for and obtained from the Surrogate's Court of New York County ancillary letters of administration, upon an averment in her petition that she had a cause of action against a New York corporation, to wit, the third party defendant heretofore mentioned, when in fact she had no such cause of action.

Thereupon, on October 2, 1944, apparently with the consent of both parties, plaintiff filed and served an amended complaint wherein plaintiff was described as "administratrix and as ancillary administratrix of the estate of Joseph Kucharsky, deceased", and wherein plaintiff's appointment as such ancillary administratrix was alleged. On the day following, defendants filed their answer to the amended complaint wherein by separate affirmative defenses they directly challenged plaintiff's capacity to sue as administratrix and the validity of the ancillary letters. Upon the issues so framed and upon the affidavits, the pending motion for judgment on the pleadings or for summary judgment is founded.

The New York Court of Appeals has expressly left open the question whether a Pennsylvania administrator has legal capacity to sue in New York for wrongful death occurring in Pennsylvania.

Wikoff v. Hirschel, 1932, 258 N.Y. 28, 179 N.E. 249. Since then, Diatel v. Gleason, D.C.S.D.N.Y.1937, 22 F.Supp. 355, has answered that question in the negative with respect to a New Jersey administrator, suing under a New Jersey death statute; in Baldwin v. Powell, 1944, 267 App.Div. 640, 47 N.Y.S.2d 665, the First Department gave the same answer in an action for wrongful death brought by a Connecticut administrator under a Florida statute; and in Cooper v. American Airlines, Inc., D.C., 57 F.Supp. 329, decided in this district by Judge Conger on September 29, 1944, a negative answer was returned to a similar question arising in an action brought by a Pennsylvania executor under a Kentucky death statute.

Plaintiff's attorney argues with great vigor that under the Pennsylvania statute the administrator acts as a statutory trustee. I need not decide the question for it

is clear to me that defendants have waived their objection to plaintiff's capacity to sue as a Pennsylvania administratrix by their failure to plead their objection in their answer or otherwise to raise the objection until after the statute of limitations had run on the cause of action asserted. Wikoff v. Hirschel, supra; Rule 12(h), F.R.C.P.

As to the cause of action asserted by plaintiff as ancillary administratrix, the situation is different. Manifestly, there has been no waiver; the objection was very promptly asserted. The affidavits very clearly established that the letters were issued only by reason of a misrepresentation of fact and that on the true facts the surrogate would have had no jurisdiction to appoint the plaintiff ancillary administratrix. See § 45(3), Surrogate's Court Act. Estate of Cooper, —— Misc. ——, 50 N.Y.S.2d 905.

Plaintiff does not contest the power of this court collaterally to examine the validity of the surrogate's decree. Hoes v. New York, N. H. & Hartford Railroad Co., 1903, 173 N.Y. 435, 66 N.E. 119; Pietraroia v. New Jersey & Hudson R. & F. Co., 1910, 197 N.Y. 434, 91 N.E. 120; Lapiedra v. American Surety Co., 1928, 247 N.Y. 25, 159 N.E. 710.

It follows that defendants are entitled to summary judgment as against the ancillary administratrix but that the motion for judgment against the administratrix must be denied.