AURA BALDWIN, as Administratrix of the Estate of CHARLES H. WILTSIE, Appellant, *v.* L. R. POWELL, JR., et al., as Receivers of SEABOARD AIR LINE RAILWAY, Respondents.

Argued February 21, 1945; decided April 5, 1945.

*Benjamin Levin* for appellant. I. A foreign administrator may sue in our courts' for the death of his intestate which occurred in another State. (*Wikoff* v. *Hirschel,* 258 N. Y. 28; *Richards* v. *Wright,* 139 Misc. 316; *Matter of Peltier,* 157 Misc. 97; *Matter of von Kauffmann,* 167 Misc. 83; *Travelers Ins. Co.* v. *Padula Co.,* 224 N. Y. 397; *Matter of Meng,* 227 N. Y. 264; *Neuberger* v. *Hart,* 266 App. Div. 612; *Jongebloed* v. *Erie R. R. Co.,* 180 Misc. 893, 266 App. Div. 960; *Sutila* v. *New York Central R. R. Co.,* 180 Misc. 561; *Florida East Coast Railroad Co.* v. *Hayes,* 67 Fla. 101; *Jacksonville Electric Co.* v. *Bowden,* 54 Fla. 461; *Cen. N. Y. Coach Lines* v. *Syracuse Herald Co.,* 277 N. Y. 110; *Florida Cen. & P. R. Co.* v. *Sullivan,* 120 F. 799; *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436.) II. This action should be permitted under the doctrine of comity. (*Hilton* v. *Guyot,* 159 U. S. 113; *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99; *Murray* v. *N. Y., O. & W. R. R. Co.,* 242 App. Div. 374; *Dickinson* v. *Jones,* 309 Pa. 256.)

*William R. McDermott* for respondents. I. Plaintiff as foreign administratrix has no legal capacity to bring this action. (*Petersen* v. *Chemical Bank,* 32 N. Y. 21; *Johnson* v. *Wallis et al.,* 112 N. Y. 230; *Hopper* v. *Hopper,* 125 N. Y. 400; *McMaster* v. *Gould,* 240 N. Y. 379; *Helme* v. *Buckelew,* 229 N. Y. 363; *Wikoff* v. *Hirschel,* 258 N. Y. 28; *Kirkbride* v. *Van Note,* 275 N. Y. 244; *Matter of Killough,* 148 Misc. 73.) II. Section 130 of the Decedent Estate Law does not confer upon this plaintiff, a foreign administratrix, the right to sue in the courts of this State for the alleged wrongful death of her intestate which occurred in the State of Florida. (*Whitford* v. *The Panama Railroad Company,* 23 N. Y. 465; *Wooden* v. *W. N. Y. & P. R. R. Co.,* 126 N. Y. 10; *Johnson* v. *Phœnix Bridge Co.,* 197 N. Y. 316; *Matter of Meng,* 227 N. Y. 264; *Diatel* v. *Gleason,* 22 F. Supp. 355; *Rejsenhoff* v. *Colonial Nav. Co.,* 35 F. Supp. 577; *Florida East Coast Railway Co.* v. *Hayes,* 67 Fla. 101; *Jacksonville Electric Co.* v. *Bowden,* 54 Fla. 461.) III. Under the doctrine of comity, New York is not required to give plaintiff access to its courts. (*McMaster* v. *Gould,* 240 N. Y. 379; *Pennoyer* v. *Neff,* 95 U. S. 714.)

LEHMAN, Ch. J. The plaintiff, as administratrix of the estate of Charles H. Wiltsie, appointed by the Probate Court for the

District of New Haven, State of Connecticut, where the deceased resided, has brought an action in the State of New York for damages to the estate of the deceased, resulting from his death in a collision within the State of Florida between a freight train and a passenger train, on which the deceased was employed as a conductor by the Pullman Company. The plaintiff alleges that the collision was caused solely by the negligence of the defendants who, as receivers of a railroad company, organized within the State of Florida, operated both trains. The defendants moved for judgment dismissing the complaint " pursuant to Rule 106 of the Rules of Civil Practice, upon the ground that it appears on the face of the complaint that the plaintiff has not legal capacity to sue in that she is the administrator of a deceased appointed under and pursuant to the laws of the State of Connecticut ".

The law of the place where the wrong causing death occurred " governs the right of action for death." (Restatement, Conflict of Laws, § 391.) The Decedent Estate Law provides in broad terms that " The executor or administrator duly appointed in this state, or in any other state * * * of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused * * * " (§ 130); but this statutory provision applies only to actions brought for damages for a wrong committed here causing the death of a person. (*Whitford* v. *The Panama Railroad Company*, 23 N. Y. 465; *Johnson* v. *Phoenix Bridge Co.*, 197 N. Y. 316; *Loucks* v. *Standard Oil Co.*, 224 N. Y. 99.) A right of action for the death of a person, which is created by another State where the wrong causing death was committed, may ordinarily be enforced in this forum even though the remedy provided in the statute creating the right of action may be different from the remedy provided in the death statute of New York. (*Loucks* v. *Standard Oil Co.* [*supra*]; Restatement, Conflict of Laws, § 392.) We have said that: " When a statute creates a liability and prescribes the person who shall have the right to enforce it, the latter is as component a part of the statutory right of action as is the former. The right of the specified person to maintain the action and his existence is as integral in the right

of action as the liability of the defendant." (*Matter of Meng,* 227 N. Y. 264, 277.) An action for death caused by wrongful act in Florida may be enforced here by the person designated in the death statute of the State of wrong and a person so designated in the statute of the State of wrong may sue in any State, at least if the person so designated is qualified to sue under the law of the forum. We must, therefore, look to the Florida death statute to determine who is the person designated to enforce the cause of action and to the law of New York to determine whether such person is qualified to sue in the courts here.

The Florida statute provides that a death action " shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed." (Florida Statutes 1941, §§ 768.01, 768.02.) If the plaintiff's intestate had left him surviving a wife, minor child or person dependent upon him, one of them would have been the person designated in the statute to sue upon the cause of action for his death and such person could have sued in any other State either personally, or if incompetent or a minor, by another person qualified by the law of the State to bring an action in his or her behalf. (Restatement, Conflict of Laws, § 394.) Since no person designated by the death statute of Florida survives, the right of action must be enforced by the representative of the person killed and the question presented upon this appeal is whether the representative of the person killed, appointed by the State in which the deceased resided, has legal capacity to sue here.

" The general rule is that a foreign administrator is without standing in our courts (*Helme* v. *Buckelew,* 229 N. Y. 363, 365)." (*Wikoff* v. *Hirschel,* 258 N. Y. 28, 31.) It has been said that " If the death statute of the state of wrong provides that suit for the death shall be brought by the per-

sonal representative of the deceased, recovery can be had only by a person qualified to sue at the forum as personal representative of the deceased.'' (Restatement, Conflict of Laws, § 396.) The death statute of New York, like the death statutes of many other jurisdictions, follows the pattern set by Lord CAMPBELL's Act in England and, though designating the executor or administrator of the person killed as the one to sue upon the right of action for his death, provides that the action is brought for the benefit of the widow or next of kin. It has been held in some jurisdictions that because the executor or administrator does not in such case sue for the general estate he may be regarded as a statutory trustee for designated beneficiaries and as such is qualified to bring suit in other forums where a representative of the person killed suing for the benefit of his general estate would have no standing. (See *Diatel* v. *Gleason,* 22 F. Supp. 355, 356; Goodrich on Conflict of Laws, pp. 210, 211, and cases there cited.)

We have pointed out that under the death statute of New York '' the proceeds of a recovery are held, not as general assets of the estate, but subject to a special trust.'' (*Davis* v. *N. Y. C. & H. R. R. R. Co.,* 233 N. Y. 242, 246.) We have heretofore left open the question whether a foreign administrator suing for the benefit of a designated person or group of persons to recover damages for the death of a decedent is within the general rule '' that a foreign administrator is without standing in our courts   *   *   *   or may be regarded, if *so constituted by the law of the state* of the injury, as a special statutory trustee, privileged to sue any where. (Am. L. Inst. Conflict of Laws, Restatement No. 4, § 432, and cases cited in the explanatory notes; Goodrich, Conflict of Laws, pp. 210, 211).'' (*Wikoff* v. *Hirschel,* 258 N. Y. 28, 31, 32.) (Italics are new.) That question is not presented in this case. The proceeds of a recovery in this case would be held as general assets of the estate and would not be '' subject to a special trust.'' (*F. E. C. Ry. Co.* v. *Hayes,* 67 Fla. 101; *Jacksonville Electric Co.* v. *Bowden,* 54 Fla. 461.)

The plaintiff in this case is a foreign administratrix suing for damages for the general estate of the deceased and has not been constituted by the law of the State of injury a special statutory trustee. She is for that reason without standing in the courts of this State in accordance with the general rule.

We decide no other question. Decision of the question left open in *Wikoff* v. *Hirschel* (*supra*) must be postponed till a case is presented where the plaintiff is a foreign administrator suing for the benefit of specified persons.

The judgment should be affirmed, with costs. (See .294 N. Y. 840.)

LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; DYE, J., taking no part.

Judgment affirmed.