COOPER v. AMERICAN AIRLINES, Inc.

No. 292.

Circuit Court of Appeals, Second Circuit.

April 25, 1945.

Samuel L. Sargent, ·of New York City (Joseph A. Fagnant, of New York City, of counsel), for plaintiff-appellant.

Everett W. Bovard, of New York City, for defendant-appellee.

Before L. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ Under Rule 17(b), as the plaintiff here is suing in "a representative capacity," her capacity to maintain the suit must "be determined by the law of the state in which the district court is held" which here is New York.

■ If plaintiff were suing as an ordinary executrix for the benefit of the general estate of the decedent, the answer to the problem would be clear. For the New York courts refuse generally to allow a suit by a personal representative appointed in another state;[3] and plaintiff concedes that § 130 of the New York Decedent Estate Law, Consol. Laws c. 13, lacks pertinence here because it applies only to a wrongful death occurring in New York.[4] The repeal of former § 160 of the New York Decedent Estate Law (Laws 1920, c. 919, which provided that a foreign administrator could sue or be sued in the New York courts) leaves the situation just as it was before the enactment of § 160.[5]

The question, then, is a narrow one: Under New York "law," is there an exception to the general rule (precluding suit by a foreign personal representative) when that representative sues for wrongful death occurring in another state whose wrongful death statute constitutes the representative a nominal plaintiff vested with a cause of action for the sole benefit of specified persons?[6] The decision of the Surrogate, because of the restricted ground on which it rested, has no bearing on that question and is not a bar to the present action.

■■ We assume that, in ascertaining the "law" of New York under Rule 17(b), we must apply the same divining rod as we are told to employ when a case arises under the doctrine of Erie R. Co. v. Tompkins,

[3] See, e. g., Petersen v. Chemical Bank, 32 N.Y. 21, 42, 88 Am.Dec. 298.

[4] Baldwin v. Powell, 294 N.Y. 130, 61 N.E.2d 412; Whitford v. Panama R. Co., 23 N.Y. 465; cf. Johnson v. Phœnix Bridge Co., 197 N.Y. 316, 90 N.E. 953; Loucks v. Standard Oil Co., 224 N.Y. 99, 120 N.E. 198.

[5] Wikoff v. Hirschel, 258 N.Y. 28, 179 N.E. 249; Kirkbride v. Van Note, 275 N.Y. 244, 250, 90 N.E.2d 852, 112 A. L.R. 243.

[6] That plaintiff is the domiciliary executrix and was not appointed by a Kentucky court is immaterial. See Compton's Adm'r v. Borderland, 179 Ky. 695, 201 S.W. 20, L.R.A.1918D, 666; cf. 85 A.L.R. 1250, 1251.

304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.[7] In West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 183, 85 L.Ed. 139, 132 A.L.R. 956, the Court said that, in such circumstances, intermediate appellate state court decisions must be heeded by a federal court, absent a ruling by the highest state court, unless the federal court is "convinced by other persuasive data that the highest court of the state would decide otherwise." The district court here because of that admonition, decided for the defendant, relying upon Aleksiak v. Lehigh Valley R. Co., 1935, 245 App.Div. 722, 280 N.Y.S. 43, and Baldwin v. Powell, 267 App.Div. 640, 47 N.Y.S.2d 665.

In Aleksiak v. Lehigh Valley R. Co., 245 App.Div. 722, 280 N.Y.S. 43, the wrongful death action was brought by an administratrix appointed in New Jersey, the beneficiaries being specified persons.[8] In a brief memorandum opinion, the court held that plaintiff lacked capacity to sue. It cited three decisions in none of which had it been decided whether an exception to the general rule should be made on such facts; the latest case cited was Wikoff v. Hirschel, 258 N.Y. 28, 179 N.E. 249, where the question was expressly left open.[9]

In the later case of Baldwin v. Powell, 267 App.Div. 640, 47 N.Y.S.2d 665, a Connecticut administratrix sued in New York on account of the wrongful death of the decedent which had occurred in Florida. The Florida statute, F.S.A. § 768.02, provides that a death action "shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child nor children, then the action may be maintained by any person or persons dependent upon such person killed for support; and where there is neither of the

above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed." But, in the Baldwin case, as no person designated by that statute had survived, the administratrix was suing for the benefit of the general estate. The court, deciding that plaintiff lacked capacity, did not consider whether the result would have been different had the suit been for the benefit of specific persons.

On appeal, this decision was affirmed (after the district court in the instant case had entered its judgment and while this case was on appeal here). See Baldwin v. Powell, 294 N.Y. 130, 61 N.E.2d 412. The court said, in part: "We have pointed out that under the death statute of New York 'the proceeds of a recovery are held, not as general assets of the estate, but subject to a special trust.' Davis v. New York Cent. & H. R. R. Co., 233 N.Y. 242, 246, 135 N.E. 277, 278. We have heretofore left open the question whether a foreign administrator suing to recover damages for the death of a decedent is within the general rule 'that a foreign administrator is without standing in our courts. * * * or may be regarded, *if so constituted by the law of the state* of the injury, as a special statutory trustee, privileged to sue anywhere. Am. L. Inst., Conflict of Laws, Restatement No. 4, § 432, and cases cited in the explanatory notes; Goodrich, Conflict of Laws, pp. 210, 211.' Wikoff v. Hirschel, 258 N.Y. 28, 31, 32, 179 N.E. 249, 250. (Italics are new.) That question is not presented in this case. The proceeds of a recovery in this case would be held as general assets of the estate and would not 'be subject to a special trust.' Florida East Coast R. R. Co. v. Hayes, 67 Fla. 101, 64 So. 504, 7 A.L.R. 1310; Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 So. 755, 15 L.R.A.,N.S., 451. The plaintiff in this case is a foreign administratrix suing for damages for the general estate of the

---

[7] Accordingly, we disregard Diatel v. Gleason, D.C., 22 F.Supp. 355, and J. B. & J. M. Cornell Co. v. Ward, 2 Cir., 168 F. 51, as those cases were decided in accordance with "general law" before the adoption of Rule 17(b) and the decision of Erie R. Co. v. Tompkins, supra.

[8] The opinion does not so state, but the New Jersey statute, unlike that of Kentucky, allows an action only for designated persons and permits no action in any circumstances for the general estate.

[9] The other cases cited were Petersen v. Chemical Bank, 32 N.Y. 21, 88 Am. Dec. 298 (where the court, stating the general rule, allowed suit by an assignee of a foreign administrator of a chose in action) and Helme v. Buckelew, 229 N.Y. 363, 128 N.E. 216 (a suit *against* a foreign executrix, in which, stating the general rule, the court held that a statute could not validly remove the immunity of such a person).

deceased and has not been constituted by the law of the State of injury a special statutory trustee. She is for that reason without standing in the courts of this State in accordance with the general rule. We decide no other question. Decision of the question left open in Wikoff v. Hirschel, supra, must be postponed until a case is presented where the plaintiff is a foreign administrator suing for the benefit of specified persons."

We think that, because of this decision, we are obliged to give no weight to the Aleksiak case nor to any possible inferences which might conceivably have been drawn from the Appellate Division's decision in the Baldwin case, since the highest court of New York has now twice carefully said that the question before us is open and undecided.

In such circumstances, we are tempted to follow the lead of Spector Motor Service, Inc. v. McLaughlin, 323 U:S. 101, 65 S.Ct. 152, and to direct the district court to withhold decision until the New York Court of Appeals makes an authoritative pronouncement. But Meredith v. Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9, instructs us to yield to no such temptation. We think this case is in that zone in which federal courts must do their best to guess what the highest state court will do.

Perhaps the guessing-guide is this: What would be the decision of reasonable intelligent lawyers, sitting as judges of the highest New York court, and fully conversant with New York "jurisprudence"? An alternative test is what we conjecture would be the decision of the particular judges who now constitute that court. Probably the presumption is that the result of the two tests would be identical; but happily we are relieved from the need of considering that question, because, knowing the sitting judges, we feel certain that such a presumption accords with the facts.

■ After prolonged cerebration, our prophetic judgment is that decision in that court would be for the plaintiff. Under Kentucky "law," the executrix here is "merely a nominal plaintiff," and "the real parties in interest are the beneficiaries whom [she] represents." If those bene-

ficiaries had been permitted to and had brought suit in their own names, unquestionably their action would not have been ousted. To reach a different conclusion because the nominal plaintiff is a "representative" appointed by a court of another state would be to rest judgment, irrationally, on the sheerest verbalism. We have too much respect for the New York Court of Appeals to believe that it would do so.[10]

Reversed.

---

[10] The other grounds on which defendant based its motion below were not considered by the district court. We have considered them and think they have no merit.