THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN EISENMAN, Appellant, against MARGARET D. STEELE, Respondent.— Appeal from an order dismissing a petition of habeas corpus and remanding the infant, Harold Eisenman, to the custody of the respondent. Order affirmed, with $10 costs and disbursements. In this second habeas corpus proceeding the appellant failed to show that circumstances had changed since the prior adjudication so that he was entitled to custody. The best interests of the infant seem to have governed the determination at Special Term. Although there was no evidence in this proceeding to show that the appellant was an unfit person, it is the fact that the infant had for approximately ten years prior to this proceeding resided continuously with the respondent. Upon the whole record, there seems to have been no error in Special Term's determination that the infant's welfare would be best served by remanding him to the custody of the respondent. Lewis, P. J., Hagarty, Carswell, Adel and Nolan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEO E. SHERMAN et al., Respondents, against ANTHONY J. RIZZARDI, as Commissioner of Assessment and Taxation of the City of New Rochelle, et al., Appellants. [132 Elk Ave., City of New Rochelle.] — In a certiorari proceeding, final order and judgment (one paper) reducing the assessed valuation on relators' property for the tax year 1945, and directing that the assessment be corrected accordingly, and also awarding respondents $182.70 for costs and disbursements, unanimously affirmed, with $50 costs and disbursements. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ.

PHILEMON A. TAYLOR, as Administratrix of the Estate of ADDISON E. PERRY, Deceased, Respondent, v. SERVICE TRUCKING Co., INC., Appellant, et al., Defendants.— Action to recover damages for the wrongful death of plaintiff's intestate, and for personal injuries suffered by him. Order striking out the second, third and fourth defenses in the answer affirmed, with $10 costs and disbursements. The second and third defenses are clearly insufficient under settled authority. (*Leonard* v. *Columbia Steam Navigation Co.*, 84 N. Y. 48; *Wikoff* v. *Hirschel*, 258 N. Y. 28; *O'Brien* v. *Thellusson*, 180 Misc. 189; *Jonge-bloed* v. *Erie R. R. Co.*, 266 App. Div. 960.) The fourth defense is insufficient. The decedent was a resident of Queens County when these transitory causes of action arose. The place where the causes of action arose (Jersey City) is not remote and, therefore, the prosecution of the action in New York does not constitute an undue burden upon interstate commerce; hence the court has jurisdiction. (*Int. Milling Co.* v. *Columbia Co.*, 292 U. S. 511.) The case of *Matter of Baltimore Mail S. S. Co.* v. *Fawcett* (269 N. Y. 379) is not to the contrary and is distinguishable. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.