GERTRUDE J. GRAHAM, as Administratrix of the Estate of GERTRUDE GRAHAM, Deceased, Plaintiff, *v.* DOUGLAS AIRCRAFT COMPANY, INC., Defendant.

Supreme Court, Special Term, New York County, April 7, 1947.

*Benjamin H. Siff* for plaintiff.

*George A. Garvey* for defendant.

HAMMER, J. This motion to dismiss the complaint for factual insufficiency is denied.

This is an action to recover for wrongful death of plaintiff's intestate. The motion first raises the question of whether or not a foreign administrator has any standing in our courts. The intestate was killed in an accident which occurred in South Carolina. The complaint indicates that letters of administration were obtained in Passaic County without indicating in what State said county is. The brief discloses that said county is in New Jersey and it will be deemed that the complaint so alleges. No ancillary administration has been had in this State. The death action statute of South Carolina is frequently referred to in the reports of that State as Lord Campbell's Act. Our death action statute is said to be patterned on the same act (*Baldwin* v. *Powell,* 294 N. Y. 130, 134). The proceeds of the recovery under the South Carolina act are the beneficial property of the intestate's surviving spouse and children; if none such there be, of the intestate's parents, and if none such there be, of the heirs at law or distributees of the intestate.

In *Ellenberg* v. *Arthur* (178 S. C. 490, 496, 497) it is stated: "A claim under Lord Campbell's Act does not 'come into the hands' of the administrator within the purview of this section. He is practically a figurehead in bringing the action as administrator. He brings it for the benefit of those who are the beneficiaries in interest under the statute. When he collects the claim, he does not turn it in with the other assets of the estate to the Probate Court. * * * He pays over the proceds [*sic*] to the beneficiaries."

In *Baldwin* v. *Powell* (*supra,* p. 134) our Court of Appeals, quoting from *Wikoff* v. *Hirschel* (258 N. Y. 28, 31–32) reiterated that "We have heretofore left open the question whether a foreign administrator suing for the benefit of a designated person or group of persons to recover damages for the death of a

decedent is within the general rule ' that a foreign administrator is without standing in our courts * * * or may be regarded, if *so constituted by the law of the state* of the injury, as a special statutory trustee, privileged to sue anywhere. (Am. L. Inst. Conflict of Laws, Restatement No. 4, § 432, and cases cited in the explanatory notes; Goodrich, Conflict of Laws, pp. 210, 211).' ''

Further in the same opinion (p. 135) the court observed· '' Decision of the question left open in *Wikoff* v. *Hirschel* (*supra*) must be postponed till a case is presented where the plaintiff is a foreign administrator suing for the benefit of specified persons.''

It appears that such a case is presented here. In deciding the case of *Cooper* v. *American Airlines* (149 F. 2d 355) the Circuit Court of Appeals in this circuit was faced with the determination of the question left open by our Court of Appeals. There the representative had been appointed by the courts of Pennsylvania and the death had occurred in Kentucky. The death action statute of the latter State was interpreted as providing that the representative was '' ' merely a nominal plaintiff ' '' and the real persons in interest were those '' ' whom [she] represents ' '' (p. 359). Under such circumstances that court held that our Court of Appeals, faced with a case which required the answering of the question left open, would hold that such a foreign representative could sue in our courts. It is so held in the case at bar. Plaintiff in this case is only a nominal plaintiff. The proceeds of the recovery will not become part of the intestate's general estate; rather, those proceeds are the property of those whom plaintiff represents. Plaintiff accordingly is a '' ' special statutory trustee ' '' and has been '' ' *so constituted by the law of the state* of the injury ' '' and is accordingly '' ' privileged to sue anywhere ' '' (*Baldwin* v. *Powell, supra; Wikoff* v. *Hirschel, supra*).

The complaint is secondarily attacked on the ground that the negligence is pleaded conclusively. This objection is overruled.