Irving L. Levey, J.
Motions numbered 113 and 114 are consolidated herein. They are motions to dismiss the action on the grounds that plaintiff does not have legal capacity to sue and the *163 court has no jurisdiction over the person of the moving defendant.
The deceased was killed in an airplane accident in California. The action is for wrongful death and conscious pain and suffering. Plaintiff sues individually as the only heir and survivor of deceased. Defendant contends that under the Decedent Estate Law, the causes of action must be brought by a personal representative.
The complaint alleges that the cause of action arises under California law. Under the California Death Act (California Code Civ. Pro., § 377) a cause of action for wrongful death may be brought by the heirs of decedent. Action also may be brought, in the alternative, by the personal representative of the estate, but this is a matter of choice. The law of the place where the injuries causing death were inflicted is the governing law with respect to wrongful death actions (Royal Ind. Co. v. Atchison, Topeka & Santa Fe Ry. Co., 272 App. Div. 246, 250, affd. 297 N. Y. 619; Baldwin v. Powell, 294 N. Y. 130). The wrongful death statute of the place where the death occurred also governs who may bring such an action (Baldwin v. Powell, supra). Section 130 of the Decedent Estate Law ‘ ‘ applies only to actions brought for damages for a wrong committed here causing the death of a person ” (Baldwin v. Powell, supra, p. 132). Accordingly, the challenge to legal capacity to sue cannot be sustained with respect to the wrongful death action. As to plaintiff’s right to sue on the cause of action for conscious pain and suffering, that should await a formal motion (see Decedent Estate Law, § 119). However, as to the challenge to the action on the jurisdictional ground that the court has no jurisdiction over defendant’s person, that issue is referred to Eton. Seymour Bibber, Special Referee, to hear and report with his recommendations. Pending receipt of the Referee’s report, final disposition of the motions shall be held in abeyance. Counsel are directed to communicate immediately with the Special Assignment Clerk, Room 308-M, to arrange for a hearing date.